FEB 6 '26 AM 11:45
RCV'D – USDC FLO SC

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

Civil Action No. 4:25-cv-13980-JD-KDW

Tommy Funderburke, Plaintiff,

v.

Velocity Investments, LLC, Defendant.

# FIRST AMENDED COMPLAINT

(Filed as of Right Pursuant to Fed. R. Civ. P. 15(a))

# JURY TRIAL DEMANDED (DAMAGES ONLY)

Plaintiff Tommy Funderburke, appearing pro se, alleges as follows:

# JURISDICTION AND VENUE

1. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 et seq. ("SCUTPA").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Tommy Funderburke is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Velocity Investments, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant alleges Plaintiff owes a consumer debt arising from a personal credit account.

7. Defendant initiated state court collection litigation against Plaintiff in the Florence County Court of Common Pleas, C/A No. 2025-CP-21-01796.

8. Since Fall 2024, Defendant has filed at least thirty-nine (39) debt collection actions in Florence County.

9. In at least twenty-six (26) of those cases, Defendant used sworn affidavits that failed to identify the original creditor and failed to provide any chain of title or assignment.

10. Defendant's use of defective affidavits constitutes its dominant litigation practice and the use of false representations concerning the legal status of debts in violation of 15 U.S.C. § 1692e.

11. Defendant and its counsel repeatedly mischaracterized Plaintiff's hardship narrative as a binding "admission" of liability to courts and regulators despite the absence of any admission in the record.

12. Defendant represented mailing and service dates in state court filings that were later contradicted by independent United States Postal Service tracking records.

13. On December 19, 2025, Plaintiff mailed Defendant a written dispute, validation request, and cease-and-desist notice by certified mail, tracking number 9589071052702422362947.

14. USPS records show the letter arrived at Defendant's facility on December 24, 2025, and multiple delivery reminders were issued directing Defendant to retrieve the item.

15. Defendant deliberately failed and refused to retrieve the certified mail for more than thirty (30) days.

16. Defendant's refusal to retrieve certified mail constitutes constructive receipt and intentional evasion of statutory notice.

17. Notwithstanding the unresolved dispute and cease-and-desist, Defendant continued collection activity.

# FDCPA VIOLATIONS

## Count I – Violation of 15 U.S.C. § 1692g(b)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 17.

19. Defendant failed to cease collection activity after receiving Plaintiff's written dispute and validation request.

20. Defendant failed to provide any verification of the alleged debt.

21. Defendant violated 15 U.S.C. § 1692g(b).

## Count II – Violation of 15 U.S.C. § 1692c(c)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 21.

23. Defendant continued collection activity after receipt of Plaintiff's cease-and-desist notice.

24. Defendant violated 15 U.S.C. § 1692c(c).

## Count III – Violation of 15 U.S.C. §§ 1692e and 1692f

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 24.

26. Defendant used false, deceptive, and misleading representations and unfair practices by mischaracterizing material facts and manipulating procedural records.

27. Defendant violated 15 U.S.C. §§ 1692e and 1692f.

# SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT

## Count IV – Violation of S.C. Code Ann. § 39-5-20

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27.

29. Defendant's acts were part of its ordinary business practices, capable of repetition, affected the public interest, and were willful and knowing.

30. As a direct and proximate result of Defendant's unfair and deceptive practices, Plaintiff suffered actual damages including emotional distress, litigation expense, and loss of statutory rights.

## DAMAGES

31. Plaintiff has suffered and continues to suffer severe emotional distress documented by treating medical providers.

32. Defendant's conduct was willful, knowing, and part of an institutional practice.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Award actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. Award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Award actual damages under S.C. Code Ann. § 39-5-140;

E. Treble Plaintiff's actual damages pursuant to S.C. Code Ann. § 39-5-140(a);

F. Award reasonable attorney's fees and costs pursuant to S.C. Code Ann. § 39-5-140(a);

G. Enter declaratory relief that Defendant's practices violate the FDCPA and the South Carolina Unfair Trade Practices Act;

H. Order that any damages phase be tried before a jury as demanded by Plaintiff;

I. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Tommy Funderburke**

**Plaintiff, Pro Se**

**P.O. Box 883**

**Johnsonville, SC 29555**

**tommyfunderburke@gmail.com**

**January 27, 2026**

## VERIFICATION

**I, Tommy Funderburke, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on January 27, 2026.**

**Signature: _____**

**Tommy Funderburke**