**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| TOMMY LEE FUNDERBURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.:  4:25-cv-13980-JD-KDW |
| | ) |
| v. | ) Judge: Honorable Kaymani D West |
| | ) |
| VELOCITY INVESTMENTS LLC, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO QUASH SERVICE AND/OR VACATE ENTRY OF DEFAULT**

Defendant, Velocity Investments, LLC (Defendant or Velocity), by its attorney, Eric C. Hale, and in Response to Plaintiff's Motion for Default Judgment and Defendant's Motion to Quash Service and/or Vacate Entry of Default, states as follows:

**Introduction**

The procedural history of this short case is messy. What is clear, however, is that in addition to other improprieties, the summons served upon Velocity was expired, the amended complaint was improperly filed and thus there proper service was not effectuated. As such, service should be quashed. In the alternative, given the confusion created by the filings, the improper filing of an amended complaint, coupled with the defenses to the claims, the entry of default should be vacated and Defendant provided an opportunity to submit a responsive pleading.

**Procedural History**

Plaintiff filed this federal complaint on December 22, 2025. Docket Entry (DE) 1. The docket upon filing directed that service was to be completed by March 30, 2026. *Id*. Thereafter, on February 4, 2026, a summons was issued, with direction that service was to be completed by May 5, 2026. DE 20. On February 6, 2026, Plaintiff filed what he styled as a letter or reply to an order in this case, and Plaintiff attached to it his proposed Amended Complaint, which Plaintiff asserted he was filing pursuant to Federal Rule of Civil Procedure 15(a). DE 23. The Court instructed the Clerk of Court to file the attached Amended Complaint as a docket entry, which the Clerk did. DE 23-24.

On May 12, 2026, Plaintiff filed a Notice of Served Complaint and Status of Related Pleadings. DE 28. In that filing, Plaintiff indicates that service was made on May 11, 2026, at 1:20 p.m. *Id*. Plaintiff also updates the Court on the status of his pending "parallel litigation" with Velocity in state court, and acknowledges that this case is predicated on the state court litigation. *Id*. at p. 2.

On May 15, 2026, Velocity forwarded to its counsel the underlying complaint with an undated service of summons and indicated that they were served that day. As such, counsel inadvertently calendared the responsive pleading date based upon May 15, 2026 service date (or June 5, 2026). In preparing the responsive pleading, Defendant's counsel learned of the entry of the filings on June 2, 2026.

On June 2, 2026, Plaintiff filed a Request for Entry of Default. DE 31. That request claims that service was made on May 7, 2026, by the US Marshal, and that supplemental service was made by private service on May 11, 2026. *Id*. It therefore concludes that a responsive pleading was due on May 28, 2026. *Id*. The affidavit attached to the Request

2

does not attach any proof of service with respect to the May 7, 2026 service by the US Marshals, but explains that a Form USM-285 "was executed and forwarded for filing." *Id*. It also attaches the proof of service of the February 4, 2026 summons that was given by private process server on May 11, 2026. *Id*.

## Service is defective under Federal Rule 4(m) and the "amended complaint" is improper under Federal Rule 15(a)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). In this case, the Court directed service of the original complaint to be made by March 30, 2026, which it extended to May 5, 2026 when the Summons was issued. As such, by operation of Rule 4(m), the case should be dismissed as to Velocity without prejudice.

FRCP 15(a) only provides for a right to amend as a matter of right within 21 days of service, which service had not completed by the time of Plaintiff's filing of his "amended complaint". As noted above, no additional Summons was issued with the "amended complaint". Accordingly, Plaintiff's amended complaint should be stricken as a matter of law.

## Argument

### I. Defendant moves to dismiss the case pursuant to Rule 12(b)(5)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(5) is the proper means to challenge the sufficiency of service process, such as objections over the lack of

3

delivery or improper mode of delivery of the summons and complaint. *See Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (3d ed. Apr. 2021) (providing examples of proper objections under Rule 12(b)(5), including "the nonreceipt by the defendant of a summons, the absence of an agency relationship between the recipient of process and the defendant, a lack of notice to the defendant when service is delivered to a third party under a federal or state statute, or any other failure to comply with the procedural requirements in the applicable service provisions").

The plaintiff bears the burden of proving that service of process was effected in accordance with Federal Rule of Civil Procedure 4. *Ballard v. PNC Fin. Servs. Grp., Inc.*, 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009); *Plant Genetic Sys., N.V.*; 933 F. Supp. at 526. While the provisions of Rule 4 should be liberally construed to effectuate service and uphold the jurisdiction of the court, the requirements of Rule 4 must also not be ignored. *See Scott v. Md. State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016); *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963).

The Complaint in this case was filed in December, and the Court extended the time to serve the Summons until May 5, 2026. Plaintiff does not provide a proper proof of service prior to May 11, 2026, and so the service is facially improper. Plaintiff has not (and cannot) prove that Rule 4(m) was followed, and Rule 4(m) is not permissive – dismissal is mandatory (if not served within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action"). Defendant now moves this Court to dismiss the case.

4

**II.    In the alternative, Defendant moves to vacate the entry of default and deny Defendant's Motion for Default Judgment**

To obtain relief from a default judgment pursuant to Federal Rule of Civil Procedure 60(b), the movant must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46 (4th Cir. 1993). In considering a motion to set aside an entry of default, the Fourth Circuit has stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (*quoting Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

The Fourth Circuit uses the same factors to analyze Rule 55(c) and 60(b) motions, but "the burden on a movant seeking relief under the two rules is not the same." *Id.* at 420. "Rule 60(b) motions request relief from judgment, which implicates an interest in finality and repose, . . . a situation that is not present when default has been entered under Rule 55(a) and no judgment has been rendered." *Id.* (internal quotation marks omitted). "Therefore, while an analysis under each rule employs similar factors, Rule 60(b)'s excusable neglect standard is a more onerous standard than Rule 55(c)'s good cause

5

standard, which is more forgiving of defaulting parties because it does not implicate any interest in finality." *Id.* (internal quotation marks omitted).

In the event the Court finds that Plaintiff complied with Rule 4(m), Defendant alternatively requests that the Court vacate the entry of default pursuant to Rule 55(c). Defendant submits that Rule 55 is the appropriate rule to apply, but under either standard, Defendant respectfully submits that the default should be vacated.

As to timeliness, Defendant only learned of the pending motion when it was preparing its responsive pleading (albeit under the erroneous belief that service was, at the earliest, on May 15, 2026). It now brings this motion in response to the motion for default. As to the meritorious defense, as Plaintiff acknowledges, this case is predicated upon the pending state court action. As such, this case is not even ripe until the resolution of the state court case. Put another way, if Velocity obtains a judgment in the state court case, there will be no federal case due to *res judicata*. Moreover, under the *Colorado River* doctrine (or *Colorado River* abstention), this court should stay or dismiss this lawsuit in favor of the concurrent, parallel state court proceeding[1]. Finally, under the Rooker-Feldman Doctrine, this Court lacks the authority to hear direct appeals of state-court judgments. Under this doctrine, "losing" state court litigants must seek relief from state appellate courts or the U.S. Supreme Court. Defendant, of course, also denies any wrongdoing whatsoever as alleged in Plaintiff's Complaint (amended or otherwise).

---

[1] In the event the Court vacates the entry of default, Defendant can bring a motion to address these issues.

6

There is no unfair prejudice to the Plaintiff in vacating the default. He will have all the same rights available to him in this litigation, and it should be stayed or dismissed pending the outcome of the state court litigation in any event. Finally, Defendant suggests that the procedural history in this case presents exceptional circumstances that warrant the entry of default being vacated, including the delays in service, improper filing of multiple pleadings without leave of the Court, and confusion as to how service was effectuated. At a minimum, the pending state court litigation and unfortunate miscommunication between counsel and Defendant as to the actual service date, coupled with the untimely service, present unique circumstances not present in the ordinary course of litigation.

In the event that the default is vacated, Velocity respectfully requests fourteen days from the order vacating the default to file its responsive pleading.

WHEREFORE, Defendant respectfully requests this Court quash service and dismiss the lawsuit without prejudice, or in the alternative vacate the entry of default and allow Defendant fourteen days to file a responsive pleading, and for any other relief the Court deems fair and just.

Respectfully submitted,

By: /s/Eric C. Hale
One of Defendant's Attorneys
Eric C. Hale, Esq. (Fed. # 9404)
Clarkson & Hale, LLC
Post Office Box 287
Columbia, South Carolina 29202
803/602-0789
Fax: 803/726-3568
Email: eric.hale@clarksonlawllc.com

7

1105311\330368985.v1