UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA FLORENCE DIVISION

JUN 17 '26 PM 2:07
RCVD - USDC FLO SC

| | | |
|---|---|---|
| TOMMY LEE FUNDERBURKE | ) | |
| PLAINTIFF, PRO SE | ) | CASE: 4:25-cv-13980-JD-KDW |
| | ) | |
| V. | ) | PLAINTIFF'S OPPOSITION TO ANY |
| | ) | SET ASIDE, MOTION TO QUASH |
| VELOCITY INVESTMENTS LLC | ) | SERVICE, AND VACATE DEFAULT |
| DEFENDANT | ) | |

Plaintiff, Tommy Lee Funderburke, *pro se*, submits this Opposition to Defendant's Motion to Quash Service and/or Vacate Entry of Default. Defendant's Motion fails to satisfy the "good cause" standard established by Federal Rule of Civil Procedure 55(c) and controlling Fourth Circuit precedent. Assertions of the Defendant are demonstrably corrected by the Docket & Record. *(EXHIBIT 1: 'Velocity, Eric Hale, v Fact')*

**I. Defendant Fails the Fourth Circuit "Good Cause" Test:** To set aside an entry of default, a moving party must establish "good cause" by demonstrating: (1) a meritorious defense; (2) reasonable promptness; (3) a lack of personal responsibility for the default; (4) no prejudice to the Plaintiff; (5) no history of dilatory conduct; and (6) Availability of less drastic sanctions. ***The Defendant fails on all six prongs:***

- **No Meritorious Defense:** Defendant's motion lacks any substantive factual defense to the underlying FDCPA and SCUTPA claims. Procedural arguments regarding service do not constitute a meritorious defense to the merits of the allegations. This case concerns the conduct of the collector, not the validity of the underlying debt. Furthermore, Defendant has failed to produce admissible evidence in state proceedings and remains in non-compliance with a March 10, 2026, Discovery Order. ***Parties with merit, show it.***

- **Lack of Reasonable Promptness:** Defendant has had notice of this litigation since December 2025. They attempt to create a "confusion" narrative, yet they have been in possession of the Amended Complaint since January 29, 2026, USPS 9589 0710 5270 2422 3440 11. Whether the Court considers the May 7 service by the United States Marshals Service, which is paperwork delayed, or the undisputed May 11 service (Private Process), the Defendant had 21 days to respond. (see Entry 31, affidavit). They waited over 40 days, appearing only after the Clerk entered a default. This is strategic delay.

- **Personal Responsibility/Willfulness:** Defendant's claims of being "confused" regarding service are contradicted by the evidentiary record. Defendant was actively corresponding with the Consumer Financial Protection Bureau (CFPB) as recently as May 15, 2026, specifically referencing this case number and asserting it was participating in "good faith". As a sophisticated entity with a dedicated legal department, Defendant's failure to respond was a calculated, willful choice. (see Entry 33-1, B).

- **Severe Prejudice to Plaintiff:** The prejudice to the Plaintiff is substantial. Defendant's continued gamesmanship and dilatory tactics exhaust legal resources, are avoidably non-productive, and greatly exacerbate the Plaintiff's documented health conditions, of which the Defendant has been aware since October 2025. (see Entry 36).

- **History of Dilatory Action:** Defendant is the primary cause of delay in both this matter and the underlying state court debt action. Defendant's consistent failure to produce evidence and the ongoing non-compliance with state discovery orders demonstrate a pattern of evading judicial mandates.

- **Availability of less drastic sanctions:** Velocity Investments, LLC., is a half-billion dollar national corporation with unlimited resources. With countless employees and exhaustive

means, this lack of 'Good Cause' can only be remedied with denial of a set aside and a default ruling on liability. Anything less will fail to get the attention of this Uber-Litigator that has fully integrated the court system's default function into their revenue stream.

**II. Defendant's Bad Faith and Lack of Candor:** Defendant's motion (Entry 37) is an attempt to utilize "procedural confusion" as a shield to obfuscate its non-compliance. Defendant conveniently omits the fact that three major credit bureaus have independently removed the alleged debt from their state action due to Defendant's failure to establish proof of ownership. There is no Good Cause or Clean Hands in their motion.

*Defendant is a sophisticated, prolific litigant, having filed over 4,200 cases in South Carolina in 2025 alone. Relying on the default process is a primary litigation strategy for this Defendant.* It would be fundamentally inconsistent for this Court to grant leniency for a default process that the Defendant itself leverages as a business model.

**III. Ethical Disqualification under Rule 3.7:** Defendant's choice of counsel presents a conflict of interest. Eric C. Hale and the firm of Clarkson & Hale, LLC, are material fact witnesses to the discovery abuses forming the basis of the Complaint.

On May 22, 2026, Plaintiff provided formal notice to Eric C. Hale that his firm is ethically barred from representing Velocity Investments, LLC, under South Carolina Rule of Professional Conduct 3.7. *(EXHIBIT 2: 'Gmail Notice').* Notwithstanding this warning, the firm proceeded with this filing, demonstrating that the Defendant is prioritizing the insulation of its past misconduct over ethical adherence.

**IV. Conclusion:** Defendant has failed to establish "Good Cause" on any of the ~~five~~ 6th required

prongs. Its motion is predicated on misrepresentations and supported by ethically conflicted

counsel. Granting the motion would reward the Defendant's ongoing legal obstruction.

The Defendant's reliance on inapposite case law, combined with its failure to accept personal

responsibility for this default and production of no merits, confirms that it lacks the requisite

'Good Cause' for relief.

In the interest of judicial efficiency, I am not asking the Court to deliberate on the ethical

appropriateness of the Defendant's current counsel at this time. Rather, I respectfully request that

this Court address the Defendant's failure to satisfy the 'Good Cause' standard, based upon their

own admissions and the facts reflected in the docket and record.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. **DENY** Defendant's Motion to Set Aside;

2. **DENY** Defendant's Motion to Quash and Motion to Vacate in its entirety;

3. **GRANT** Plaintiff's Motion for Default Judgment; and,

4. **PROCEED** to the damages phase for judicial economy.

**Respectfully submitted on this 17th day of June, 2026,**

*/s/ Tommy Lee Funderburke,*          **Tommy Lee Funderburke, Plaintiff, Pro Se**

PO Box 883 Johnsonville, SC 29555 | tommyfunderburke@gmail.com

**CERTIFICATE OF SERVICE**
I, Tommy Lee Funderburke, hereby certify that on June 17, 2026, a true and correct copy of the
foregoing Plaintiff's Opposition to Any Set Aside, Motion to Quash and/or Vacate Entry of
Default upon Counsel for the Defendant, Eric C. Hale, via the Court's CM/ECF electronic filing
system and via electronic mail at eric.hale@clarksonlawllc.com

.                                                                    /s/Tommy Lee Funderburke