**EXHIBIT 1: Velocity, Eric Hale v Fact**

Defendant's filing (Entry 37) has factual inaccuracies that are directly contradicted by the Docket and sworn Affidavit of Service. **While the Defendant wants to toss everything on faux technicalities, they want the Court to accept their excuses and flawed reasoning.** Plaintiff found NO MERIT in (entry 37)

| Defendant's Claim | The Factual Reality (The Docket & Record) |
|---|---|
| **"Complaint is expired based on a Feb 4th date."** | **False.** The operative First Amended Complaint was filed on **February 11, 2026 (Docket Entry 25)**. The 90-day window under Rule 4(m) expired on May 12, 2026. Service was perfected on May 11, 2026—**89 days after filing.** U.S. Marshals Served the Defendant on May 7, 2026. |
| **"Amended complaint was 'improperly filed'."** | **False.** The Clerk of Court was directed by the Honorable Kaymani D. West to file the Amended Complaint on February 11, 2026 (Entry 25). Attacking this filing is a collateral attack on the Court's own judgment and administrative processing. |
| **"No Summons was issued with the Amended Complaint."** | **False.** The sworn Affidavit of Service (May 11) explicitly lists the "Summons in a Civil Action" as a document served upon the Registered Agent. Counsel contradicts the sworn server. An earlier service performed by the United States Marshals Service on May 7, 2026, also included a Summons. Counsel would have the Court believe both Government and Private Servers failed in their duties. |
| **"Defendant was confused about dating."** | **False.** Defendant was served by the USMS on **May 7, 2026, & on May 11, 2026** by Private Servers. Counsel asks the Court to ignore 4 to 8 days of actual notice to manufacture a "confusion" defense. Velocity was so confused they told the CFPB they were participating in Good Faith, using this Federal Case #. |
| **"Pending state case requires dismissal or delay here."** | **False.** This federal action addresses independent FDCPA/SCUTPA violations. A separate state matter filed by Velocity does not remove the jurisdiction of this Court. |

**Misrepresentations made by Counsel here are a continuation of false narratives in State Court.**

 Gmail

**Tommy Funderburke <tommyfunderburke@gmail.com>**

---

# Ethical Conflict & Disqualification (Rule 3.7)
1 message

---

**Tommy Funderburke** <tommyfunderburke@gmail.com>       Fri, May 22, 2026 at 5:00 PM

To: Eric Hale <eric.hale@clarksonlawllc.com>, Wylie Clarkson <wylie.clarkson@clarksonlawllc.com>, Jennifer DeMarco <jennifer.demarco@clarksonlawllc.com>, Tommy Funderburke <tommyfunderburke@gmail.com>
Bcc: finco@velocityrecoveries.com, info@velocityrecoveries.com, mp@velocityrecoveries.com

**Subject:** URGENT: You have a conflict of interest and are legally blocked from handling this case (Rule 3.7) | Case No. 4:25-cv-13980-JD-KDW

Dear Counsel,

This email is formal notice that your law firm has an unfixable conflict of interest. You are legally and ethically blocked from representing Velocity Investments, LLC, or filing any paperwork on their behalf in this federal lawsuit.

Here is why: My federal lawsuit is based entirely on how your law firm broke discovery rules, hid documents, and made false statements in our state court case. Because this lawsuit is about *your* specific behavior, the attorneys at Clarkson & Hale are now primary fact witnesses. My federal attorney will be putting your attorneys under oath in depositions to answer for what you did.

Under Federal Local Rule 83.I.08 and South Carolina Ethics Rule 3.7, a lawyer cannot represent a client in a lawsuit where that same lawyer is going to be a witness. This is a hard rule to keep trials fair, and Velocity cannot just "forgive" or waive the conflict. Because of this, your firm cannot legally sign, draft, or file an answer for Velocity in federal court.

You have an immediate ethical duty under Rules 1.4 and 1.7 to forward this notice directly to Velocity's General Counsel so the corporation knows it must hire a completely new, independent law firm to defend them.

To be crystal clear: If anyone from your firm tries to file an answer or enter an appearance in this federal case, I will immediately file a formal Motion to Disqualify you in front of Judge Joseph Dawson III. Your firm's ethical violations will be the very first thing the federal judge reviews.

Govern yourselves accordingly.

Sincerely,

/s/ Tommy Funderburke