**RECEIVED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA FLORENCE DIVISION**

**JUN 25 2026**
FLORENCE, S.C.

| | | |
|---|---|---|
| TOMMY LEE FUNDERBURKE | ) | |
| PLAINTIFF, PRO SE | ) | CASE: 4:25-cv-13980-JD-KDW |
| | ) | |
| V. | ) | PLAINTIFF'S NOTICE TO COURT |
| | ) | REGARDING SERVICE OF PROCESS |
| VELOCITY INVESTMENTS LLC | ) | AND PROCEDURAL HISTORY |
| DEFENDANT | ) | |

**COMES NOW Plaintiff, Tommy Lee Funderburke, pro se,** and hereby submits this Notice to clarify the record regarding service of process and the procedural timeline of the First Amended Complaint ("FAC") in this action. Plaintiff submits this ***notice to correct inaccurate assertions of fact*** made by Counsel Eric C. Hale for Velocity Investments, LLC, in its RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DEFENDANT'S MOTION TO QUASH SERVICE AND/OR VACATE ENTRY OF DEFAULT (Entry 37).

**1. Service of Process** The record confirms that Defendant was properly served with the Summons and the First Amended Complaint.

- **U.S. Marshals:** The U.S. Marshals Service USM-285 (Entry 39) reflects that Defendant was served on May 7, 2026.

- **Private Service:** An Affidavit of Service (referenced in Entry 38-1) confirms that a private process server successfully served the Summons and First Amended Complaint upon the Defendant's registered agent on May 11, 2026. Both the USM-285 and the Affidavit of Service explicitly identify that the First Amended Complaint was served alongside the Summons.

**2. Procedural History of the First Amended Complaint** Defendant incorrectly asserts that the First Amended Complaint was "improperly filed." The record reflects the following:

- On February 11, 2026, the Honorable Kaymani D. West completed a review of the proposed First Amended Complaint and instructed the Clerk of Court to file it.

- Pursuant to the Court's instruction, the Clerk filed the First Amended Complaint on February 11, 2026 (Entry 25).

- This filing established the operative complaint for this litigation and commenced the 90-day period for service under Fed. R. Civ. P. 4(m), making May 12, 2026 the deadline.

Service was perfected within the 90-day window (day 84 by U.S. Marshals, and a second service on day 89 by Process Servers of the Carolinas) prescribed by the Rules. **Plaintiff respectfully requests that the Court take notice of these facts as reflected on the official docket to resolve any confusion regarding the validity of service or the status of the operative complaint.** Plaintiff further requests that the Court apply this correction while weighing the Willful, Promptness, and Dilatory prongs of the 'Good Cause' requirement for a set aside established in the Fourth Circuit of the United States District Court. Plaintiff maintains, as in the opposition filed, that no merit was proffered in the Defendants' Motion as well.

**Respectfully submitted on this 22nd day of June, 2026,**

/s/ *Tommy Lee Funderburke*
**Plaintiff, Pro Se** P.O. Box 883 Johnsonville, SC 29555 | tommyfunderburke@gmail.com

**CERTIFICATE OF SERVICE** I, Tommy Lee Funderburke, hereby certify that on this 22nd day of June, 2026, a true and correct copy of the foregoing **NOTICE TO COURT REGARDING SERVICE OF PROCESS AND PROCEDURAL HISTORY** was served upon the following counsel of record via electronic mail, and will be served via CM/ECF upon filing by the Clerk: Eric C. Hale, Esq. eric.hale@clarksonlawllc.com  **/s/ Tommy Lee Funderburke**