UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA FLORENCE DIVISION

| | | |
|---|---|---|
| TOMMY LEE FUNDERBURKE | ) | |
| PLAINTIFF, PRO SE | ) | CASE: 4:25-cv-13980-JD-KDW |
| | ) | |
| V. | ) | PLAINTIFF'S NOTICE OF |
| | ) | SUPPLEMENTAL RECORD |
| VELOCITY INVESTMENTS LLC | ) | REGARDING NEWLY OCCURRING |
| DEFENDANT | ) | FACTUAL DEVELOPMENTS |
| | ) | RELEVANT TO RULE 55(c) |

SEP 8 '26 AM10:32
RCV'D - USDC FLO SC

**Plaintiff Tommy Lee Funderburke, proceeding pro se,** respectfully submits this Notice of Supplemental Record to advise Magistrate Judge Kaymani D. West and the Court of a material development that occurred on September 4, 2026. This is not submitted to request adjudication of a new claim. Rather, it is submitted because it bears directly upon the Rule 55(c) equitable considerations presently before the Court, including Defendant's bad faith and dilatory conduct.

## I. NEWLY OCCURRING FACTUAL DEVELOPMENT

On September 4, 2026, Defendant submitted a response/status through the Consumer Financial Protection Bureau ("CFPB") concerning Plaintiff's pending regulatory complaint. According to the attached CFPB record, Defendant invoked an additional 60-day administrative period, representing that its compliance personnel were actively "investigating" the allegations. This additional delay occurred after the following events were already known to the Court:

1. On March 26, 2026, Defendant's counsel was notified by the Court that the erroneous state-court judgment was being vacated [DE 33-1]. Velocity has known for 166 days.

2. On May 15, 2026, Defendant submitted a response to the CFPB stating that it had been 'awarded a judgment,' notwithstanding the prior judicial vacatur. [DE 33-1].
3. On May 22, 2026, Plaintiff notified Defendant's counsel in writing that the representation concerning the judgment was inaccurate and requested correction.
4. On August 4, 2026, Defendant's counsel stated in open court that Defendant would surrender and dismiss its underlying state-court claim.
5. On August 19, 2026, the state court entered its formal dismissal with prejudice. Plaintiff notified this Court of that development on August 20, 2026.
6. On August 23, 2026, Plaintiff submitted a further CFPB communication specifically demanding that Defendant correct its prior false representations.
7. Nevertheless, on September 4, 2026, Defendant invoked an additional 60-day period through the CFPB process to "investigate" a matter they had formally surrendered exactly one month prior. A copy of the September 4, 2026 CFPB status is attached as Exhibit A.

**II. RELEVANCE TO THE PENDING RULE 55(c) EQUITABLE ANALYSIS**

Defendant's request to set aside the default entry invokes the equitable powers of this Court. Under Fourth Circuit precedent, the Court must evaluate several factors, including the personal responsibility of the defaulting party, prejudice, and crucially, whether there is a history of dilatory action. *Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198 (4th Cir. 2006).*

Furthermore, because Rule 55(c) relief is fundamentally equitable, it is governed by the Supreme Court's foundational maxim that "he who comes into equity must come with clean hands." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). Equity will not grant a procedural favor to a party whose conduct is tainted by bad faith.

Defendant's September 4th regulatory filing is submitted for the narrow but vital purpose of completing the Rule 55(c) analysis. It is relevant to whether Defendant's default in this Court should be viewed as an isolated error or in the context of the subsequent conduct reflected in the record. Defendant cannot seek equitable relief based upon an assertion of good faith while, after the underlying state-court action had been surrendered and dismissed with prejudice, invoking an additional 60-day administrative investigation concerning the very allegations Plaintiff had previously requested Defendant correct. They have further refused to correct false claims to the South Carolina Department of Consumer Affairs (SCDCA) and the Better Business Bureau, establishing an institutional pattern of multi-agency deception designed to evade accountability.

**III. REQUEST**

Plaintiff respectfully requests that the Court take notice of the attached September 4, 2026 CFPB record and consider it, together with the existing record, to the extent the Court deems appropriate in resolving the pending Rule 55(c) issue. 166 days of notice defiance is profound.

Plaintiff submits this Notice solely so that the Court's consideration of the pending Rule 55(c) issue is based upon the most current factual record concerning Defendant's lack of good faith.

**Respectfully submitted this 8th day of September, 2026.**

**Tommy Lee Funderburke,** Plaintiff, Pro Se
P.O. Box 883, Johnsonville, SC 29555 | tommyfunderburke@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I filed the foregoing document with the Clerk of Court and the Court's CM/ECF system served counsel of record for Defendant Velocity Investments, LLC.

Tommy Lee Funderburke, Plaintiff