IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Funderburke,<br><br>Plaintiff,<br><br>v.<br><br>Velocity Investments, LLC,<br><br>Defendant. | C/A No.: 4:25-13980-JD-KDW<br><br><br><br>REPORT & RECOMMENDATION |

Tommy Funderburke, proceeding pro se, brought this action against Velocity Investments, LLC ("Velocity" or "Defendant"), alleging Velocity violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20. This matter is before the court on Plaintiff's Motion for Default Judgment, ECF No. 33. Defendant filed a Response to the Motion, ECF No. 37, and Plaintiff filed a Reply, ECF No. 38. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. This matter is now ripe for review.

I. Factual Allegations and Procedural Background

Plaintiff initially filed this action on December 22, 2025. Because Plaintiff is proceeding pro se and in forma pauperis, the court conducted an initial screening pursuant to 28 U.S.C. § 1915. Plaintiff's Complaint was authorized for service on February 4, 2026. On February 11, 2026, after the matter had been served, Plaintiff filed an Amended Complaint.[1] According to the allegations

[1]Because Defendant had not yet been served, Plaintiff filed this as a matter of right pursuant to Federal Rule of Civil Procedure 15(a).

in Funderburke's Amended Complaint, Velocity initiated state court collection litigation against him in the Florence County Court of Common Pleas, 2025-CP-21-01796, alleging that Plaintiff owed a consumer debt arising from a personal credit account. Plaintiff alleges that Velocity has filed a multitude of debt collection actions in Florence County, and in many cases, has failed to identify the original creditor and/or failed to provide a chain of title or assignment of the debt. Plaintiff alleges this practice violates 15 U.S.C. § 1692e. Plaintiff alleges that Velocity has mischaracterized Plaintiff's hardship as an "admission," and has misrepresented mailing and service dates.

Plaintiff alleges that on December 19, 2025, he mailed Velocity a written dispute, a validation request, and a cease-and-desist notice via certified mail, which he alleges arrived at Velocity's facility on December 24, 2025. Plaintiff alleges Velocity refused to retrieve the certified mail, constituting constructive receipt and intentional evasion of notice. Plaintiff alleges that despite sending a cease-and-desist letter, Velocity continued collection activity. Plaintiff brings three causes of action under the FDCPA against Velocity: (1) Failure to Cease Collection Activity in violation of 15 U.S.C. § 1692g(b); (2) Failure to Cease Collection Activity in violation of 15 U.S.C. § 1692c(c); and (3) Unfair and Unconscionable Collection Practices in violation of 15 U.S.C. §§ 1692e,1692f. Plaintiff further brings one cause of action under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20. Plaintiff requests statutory and actual damages, as well as attorney's fees, and declaratory relief under the FDCPA and the SCUTPA.

On May 12, 2026, Plaintiff filed a Notice of Served Complaint & Status of Related Proceedings. ECF No. 28. Within his Notice, Plaintiff indicated that Velocity was served with a copy of the Summons and First Amended Complaint on May 11, 2026 via the Corporation Service Company, as registered agent for Velocity. ECF No. 28; ECF No. 28-1. Plaintiff further apprised

the court that the state court vacated a prior judgment in favor of Velocity and restored the case to the docket to allow for a period of discovery. Plaintiff alleges that in the state court matter, Velocity has failed to respond to discovery, which Plaintiff asserts is part of a pattern or practice that he believes violates the law. ECF No. 28.[2] Plaintiff also filed a document styled as a Notice, indicating that he opposed an extension of time for Velocity to file a response. ECF No. 29.

On June 2, 2026, Plaintiff filed a Request for Entry of Default, and that same day the Clerk entered an Entry of Default against Velocity. ECF Nos. 31; 32. Plaintiff then immediately filed a Motion for Default Judgment. ECF No. 33. Plaintiff subsequently filed a document styled as a "Notice of Actual Ongoing Harm," ECF No. 36. On June 16, 2026, Velocity filed a Response in Opposition to the Motion for Default Judgment. ECF No. 37. Plaintiff filed a Reply. ECF No. 38.

Plaintiff has since filed a Notice Regarding Service of Process and Procedural History, Notice of Forthcoming State Court Written Orders, Plaintiff's Notice of State Court Order of Dismissal with Prejudice, and Plaintiff's Notice of Supplemental Record. ECF Nos. 42; 43, and 44.

II. Analysis

Plaintiff seeks a Motion for Default Judgment because he asserts Velocity did not file a responsive pleading despite being properly served. Velocity, on the other hand, seeks dismissal of this lawsuit for improper service, or alternatively, seeks to set aside entry of default and be allowed to file a responsive pleading.

Rule 55(b) authorizes the entry of default judgment when a defendant does not plead or

---

[2] According to the public index, this action was dismissed by the court on August 19, 2026. *Velocity Instruments, LLC v. Funderburke*, 2025-CP-2101796, Florence County Public Records. The undersigned has taken judicial notice of documents that are matters of public record. *See Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.").

otherwise defend in accordance with the Rules. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). The undersigned has reviewed the docket and finds that Defendant Velocity initially failed to plead or otherwise file a responsive pleading or appear in this case. To obtain a default judgment, a party must first seek entry of default pursuant to Rule 55(a). *Bruce v. T-Mobile U.S.A., Inc.*, No. 2:21-cv-00895-BHH-MGB, 2021 WL 5823002, at * (D.S.C. Aug. 6, 2021); *see also Progressive Northern Ins. Co. v. Jackson*, No. 5:19-cv-02002-JMC, 2020 WL 4904824, at *3 (D.S.C. Aug. 20, 2020). Once the clerk enters the entry of default, if the claim is not for a sum certain, the party may then seek a default judgment under Rule 55(b). *Jackson*, 2020 WL 4904824, at *3. The court may conduct a hearing to determine the amount of damages in such a case. Fed. R. Civ. Pro. 55(b)(2)(B).

1. Dismissal for Defective Service and Improper Amendment

Plaintiff argues that Velocity was served on May 7, 2026 by the United States Marshals Service. The USM-285 supporting this date has previously been filed on the docket and reflects that a paralegal at the Corporation Service Company accepted service. *See* ECF No. 39. Plaintiff further argues that Velocity was served by private process server on May 11, 2026. Plaintiff provided an affidavit of this process server referencing this date; however, this appears to be service of the Amended Complaint, as opposed to the originally filed Complaint sent via the U.S. Marshals Service. ECF No. 28-1.[3] In any event, Velocity was required under Federal Rule 4 to file a responsive pleading with the court on or before June 1, 2026. Velocity did not file a responsive pleading.

According to counsel for Velocity, Velocity forwarded an undated service of summons and

[3] Plaintiff also alleges that Velocity had "actual notice" of the lawsuit as early as January 29, 2026; however, this action was not authorized for service until after this date. Accordingly, the undersigned has not analyzed the facts of this case based on this alleged date.

a copy of the Complaint to him on May 15, 2026, and indicated to counsel that it was "served that day." *See* Def.'s Brief, ECF No. 37. Counsel indicates that he mistakenly believed that a responsive pleading was due June 5, 2026. However, prior to filing the responsive pleading, counsel learned of the entry of filings on June 2, 2026.[4]

Velocity first argues that service is defective under Federal Rule 4(m) and that the Amended Complaint was improperly filed under Federal Rule 15(a). Velocity's arguments are without merit. Velocity argues that "the court directed service of the original complaint to be made by March 30, 2026, which is extended to May 5, 2026 when the summons was issued." ECF No. 37 at 3. Because Plaintiff is a pro se litigant proceeding in forma pauperis, pursuant to the court's filing procedures, the court first conducted an initial review of the initial pleadings. The court did not authorize this pleading to be served until February 4, 2026. *See* ECF No. 18. In that order, the court directed the Clerk of Court to issue the summons and forward all documents to the United States Marshal for service of process, and further, stated that the Clerk of Court shall calculate the 90-day period for service of process under Federal Rule of Civil Procedure 4(m) from the date on which the summonses are issued. *Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010) (tolling during initial review). Additionally, while Velocity argues that Plaintiff did not provide proper proof of service prior to May 11, 2026, the USM-285 that was returned executed to the court was filed on June 22, 2026. Accordingly, service was not defective as untimely in this case.

Further, Velocity argues that Plaintiff's filing of his Amended Complaint is defective pursuant to Rule 15(a). Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. Rule 15(a)(1) provides that a party may amend its pleadings once as a matter of course

---

[4] Curiously, Velocity did not file anything with the court until June 16, 2026 and did not provide a proposed responsive pleading. Nonetheless, Velocity's Response to the Motion for Default Judgment was timely.

within twenty-one days after serving the pleading on any defendants, or if a responsive pleading is required, twenty-one days after service of the responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)-(B). Here, Plaintiff filed his Amended Complaint on February 11, 2026. February 11, 2026 is within 21 days after serving the pleading on Velocity. Accordingly, Plaintiff's Amended Complaint is not improper and is the operative pleading in this case.

2. Motion to Set Aside Default

Velocity alternatively requests that this court vacate entry of default and deny the Motion for Default Judgment. ECF No. 37 at 5. The court may set aside an entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure on a showing of good cause. The rule should be construed liberally "to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969)). "Traditionally, . . . relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *Moradi*, 673 F.2d at 727. In *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010), the Court of Appeals for the Fourth Circuit noted that it has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."

The Fourth Circuit has outlined the following six factors that district courts may examine in deciding whether to grant relief from default for good cause shown: (1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic. *Payne ex rel. Estate of Calzada*

*v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

In considering the first factor, whether the party has a meritorious defense, Velocity argues that this case is predicated upon a pending state court action. Plaintiff disagrees. As stated by the Fourth Circuit, "all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727 (citations omitted). "While the bare allegation of a meritorious defense is insufficient, the defendant's burden is minimal." *Norton v. Gen. Motors, LLC*, No. 4:19-329-DCC-KDW, 2019 WL 3308393, at *4 (D.S.C. Apr. 10, 2019), report and recommendation adopted, No. 4:19-00329-DCC, 2019 WL 2511241 (D.S.C. June 18, 2019).

Velocity points to the fact that it is involved in a state court proceeding against Plaintiff. However, as it appears that the pending state court action has since been dismissed, the undersigned does not find that this factor weighs in either party's favor.[5] However, as previously expressed, courts have a strong preference in considering cases on their merits—without Velocity having filed a responsive pleading, the undersigned is unable to adequately determine what its defenses may be. As to whether Velocity acted with reasonable promptness, Velocity argues that once it learned of the pending motion, it filed a response opposing the relief. Plaintiff argues that Velocity has had notice of this lawsuit since December of 2025 and that Velocity acted with strategic delay. ECF No. 38 at 2. However, other than the timeline provided by Plaintiff, the undersigned is without any substantive evidence to support the conclusion that Velocity purposefully miscalculated its time to file a responsive pleading, particularly when considering

[5] According to the public index, this action was dismissed by the court on August 19, 2026. *Velocity Instruments, LLC v. Funderburke*, 2025-CP-2101796, Florence County Public Records.

Velocity was actively participating in the state court action. Fourth Circuit law counsels that "relief from a judgment of default should be granted where the defaulting party *acts with reasonable diligence in seeking to set aside the default* and tenders a meritorious defense." *Moradi*, 673 F.2d at 727 (emphasis added). Velocity filed a Response to the Motion for Default Judgment within two weeks of Plaintiff seeking such relief. Accordingly, the undersigned finds that Velocity acted with reasonable promptness in seeking relief from default.

The third *Payne* factor concerns whether the delay/default was the "personal responsibility of the defaulting party." Here, counsel for Velocity explains that he was informed by his client that they were served on the same day the documents were turned over to him, despite the fact that Velocity had actually been served a few days prior. Plaintiff argues that Velocity's claim that the time to file a responsive pleading is without merit, citing to the fact that as recently as May 15, 2026, Velocity had been communicating with the Consumer Financial Protection Bureau and referencing this specific case. *See* ECF No. 33-1. The undersigned reviewed the attached exhibits to Plaintiff's Motion for Default Judgment showing that the "company" provided a response to the CFPB indicating that this lawsuit had been filed, the acknowledgment of the lawsuit does not necessarily support a finding that Velocity was mistaken about the time for filing a responsive pleading. In considering the circumstances in this case, the undersigned finds counsel for Velocity's explanation sufficient as to why default was at least in part, a matter of mistaken belief due to an apparent miscommunication. This *Payne* factor, too, weighs in favor of relieving Velocity from default.

Velocity next argues that there is no undue prejudice to Plaintiff in vacating the entry of default, because he will still have all the same rights available to him in this litigation. Plaintiff, on the other hand, argues that he would suffer severe prejudice. He argues that these dilatory tactics

are non-productive and have greatly exacerbated his health conditions. ECF No. 38 at 2. Plaintiff also provided the court a Notice, indicating the various harm he has incurred, both emotionally and physically, to his health because of this litigation. *See* ECF No. 36. The undersigned can appreciate that this length of time for this litigation to continue has undoubtedly caused frustration. However, by allowing this matter to proceed upon the merits, both parties will have the ability to present evidence and conduct discovery moving forward. Accordingly, this factor weighs toward granting the request to set aside default.

As to the history of dilatory action, while Plaintiff argues that Velocity's antics are the primary cause of delay in this matter and in the underlying state court action, this court is not aware of any evidence to support this finding aside from the delay in filing a responsive pleading in this specific case. This factor therefore also weighs toward granting relief from default. Finally, at this early stage of litigation, where no discovery has commenced, the court could consider sanctions short of entering default. However, nothing before the court suggests that any sanctions would be appropriate. In view of this analysis, the undersigned agrees with Velocity that the *Payne* factors weigh heavily in Velocity's favor.

Finally, Plaintiff argues in his Reply that Velocity is a sophisticated Defendant and that relying on the default process is a primary litigation strategy it employs. Additionally, Plaintiff argues that Velocity's choice of counsel presents a conflict of interest, because Plaintiff has provided "formal notice" to Velocity's counsel that he is ethically barred from representing Velocity. *See* ECF Nos. 38; 38-1. The undersigned can appreciate Plaintiff's position and understand that Plaintiff believes there is some sort of conflict with respect to counsel. However, the undersigned declines to consider these arguments at this stage of the proceedings.

III. Conclusion & Recommendation

For the foregoing reasons, the undersigned recommends denying Plaintiff's Motion for Default Judgment, ECF No. 33, and further recommends that the Clerk of Court be instructed to set aside entry of default and this matter should move forward on its merits. Should the district court accept this recommendation, upon the setting aside of default, Velocity should be given a relatively short period of time to file a responsive pleading to Plaintiff's Amended Complaint.

IT IS SO RECOMMENDED.

November 13, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).