NOV 24 '26 AM10:04
RCV'D - USDC FLO SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

**TOMMY LEE FUNDERBURKE,**
Plaintiff, *Pro Se*,

v.

**VELOCITY INVESTMENTS, LLC,**
Defendant.

**Civil No. 4:25-cv-13980-JD-KDW**

**Joseph Dawson, III**
**United States District Judge**

**Kaymani D. West**
**United States Magistrate Judge**

**PLAINTIFF'S LIMITED OBJECTIONS TO REPORT AND RECOMMENDATION, SUPPLEMENTAL DILATORY-HISTORY RECORD, AND REQUEST FOR DIRECT DE NOVO DETERMINATION**

## I. SPECIFIC OBJECTIONS AND REQUESTED DISPOSITION

Plaintiff Tommy Lee Funderburke respectfully objects to the portions of the Report and Recommendation ("R&R," ECF No. 45) recommending that the Court set aside the Clerk's entry of default against Defendant Velocity Investments, LLC ("Velocity"). Plaintiff requests *de novo* determination of three specific findings: (1) the neutral assessment of the meritorious-defense factor, ECF No. 45 at 7 & n.5; (2) the favorable assessment of Velocity's personal responsibility, *id.* at 8; and (3) the favorable assessment of Velocity's history of dilatory action, *id.* at 9. Plaintiff also objects to the resulting balance of the *Payne* factors, *id.* at 9–10, and asks the Court to decline the recommended vacatur and deny Velocity's motion under Federal Rule of Civil Procedure 55(c), ECF No. 37.

Plaintiff's claims in this action are affirmative statutory claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692c(c), 1692e, 1692f, and 1692g(b), and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20. R&R 2. They challenge Velocity's own unlawful collection and litigation conduct.

Three independent defects preclude a finding of good cause: first, Velocity has proffered zero facts defending its statutory collection conduct, yet the R&R treats that omission as "neutral"; second, Velocity's own brief admits that the erroneous May 15 service-date representation given to counsel originated with Velocity's corporate personnel, ECF No. 37 at 2; and third, the supplemental documentary record—Exhibits 1–14, including Exhibit 10A—closes the evidentiary gap noted at R&R 9 by documenting a sustained pattern of statutory and procedural rule noncompliance across the same underlying dispute.

Plaintiff narrows his objections to preserve judicial economy. He accepts the R&R's findings concerning service, amendment, and the June 1, 2026 response deadline, and he does not independently challenge its findings on prejudice or the availability of less drastic sanctions. He likewise accepts that Velocity's June 16 opposition was reasonably prompt as a reactive filing following the June 2 entry of default, ECF No. 45 at 5 n.4, 7–8. His objection is that promptness in opposing default—particularly through a brief that withheld any proposed responsive pleading—does not supply missing defense facts, eliminate client contribution to the missed deadline, or erase a documented history of noncompliance.

Only the dilatory-history factor is supplemented. Exhibits 1–14 (including Exhibit 10A) establish a connected chronology beginning with Velocity's sixty-seven-day delay in responding to Plaintiff's August 2025 validation and cease-collection demand under 15 U.S.C. § 1692g(b) while actively prosecuting a motion for judgment on the pleadings; continuing through Velocity's missed November 19, 2025 deadline for requests for admission under SCRCP 5(b)(1), 6(e), and 36(a); extending to counsel's March 11, 2026 submission of an unripe ~$20,039 summary-judgment order to a second judge twenty hours after entry of a standing SCRCP 37(a) discovery-compulsion order, Velocity's refusal to stipulate to voluntary vacatur after Plaintiff's

March 15, 2026 meet-and-confer notice (Ex. 10A), and chambers' March 26 apology and vacatur (Ex. 11); followed by nearly four months of noncompliance with compelled SCRCP 33 and 34 discovery between April and August 2026; and concluding with the misaddressed, misnamed, future-dated packet left at the courthouse on August 4, 2026 (Ex. 14). Plaintiff credits the August 4 courtroom delivery and offers these records solely to evaluate the sixth *Payne* factor—not to obtain findings of statutory liability, enforce state-court admissions here, sanction counsel, or secure an immediate default judgment. Plaintiff requests a direct *de novo* ruling after ordinary objection briefing, without recommittal, reopened discovery, an evidentiary hearing, or a separate defense-cure schedule.

## II. GOVERNING STANDARD AND LIMITED REQUEST TO RECEIVE SUPPLEMENTAL EVIDENCE

Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3), the District Judge must determine *de novo* those portions of a report and recommendation to which specific objection is made and may accept, reject, or modify the recommendation, receive further evidence, or recommit the matter with instructions. Receipt of supplemental evidence on *de novo* review rests within the Court's sound discretion. *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

Rule 55(c) authorizes the Court to set aside an entry of default only "[f]or good cause." While Rule 55(c)'s good-cause standard is more liberal than Rule 60(b)'s standard governing relief from a final default judgment, *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417, 420–21 (4th Cir. 2010), the defaulting movant still bears the affirmative burden of demonstrating good cause across the *Payne* factors: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-moving party; (5) whether

there is a history of dilatory action; and (6) the availability of less drastic sanctions. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Plaintiff recognizes that *Colleton* cautions against allowing corporate responsibility alone to override other factors favoring relief, 616 F.3d at 418–20, and therefore relies on the combined failure of Velocity's defense proffer, personal-responsibility explanation, and dilatory history.

Plaintiff asks the Court to receive Exhibits 1–14, including Exhibit 10A, for the limited purpose of supplying the dilatory-history record that the R&R noted was absent at R&R 9. The August 4, 2026 courthouse delivery and the Clerk's August 5 return letter (Ex. 14) postdate the June default briefing, and the preceding exhibits anchor that completed chronology. Exhibit 10A —Plaintiff's March 15, 2026 Meet and Confer / Administrative Notice email—is designated Exhibit 10A to preserve the signed declaration's existing numbering for Exhibits 10–14 while placing the email in exact chronological sequence between Exhibit 10 and Exhibit 11. Plaintiff does not contend that every exhibit is newly discovered or ask the Court to conduct an evidentiary hearing; he submits a bounded, self-contained documentary record with a normal opportunity for Velocity to respond. Appendix A is submitted strictly as a fifteen-case Fourth Circuit and District of South Carolina legal comparison matrix, not as sworn evidence.

With respect to Exhibit 13 (counsel's April 24, 2026 reply email) and Declaration ¶ 9, Plaintiff offers counsel's stated receipt date and requested May 17 extension date solely under Federal Rule of Evidence 408(b) for procedural chronology—to establish notice, timing, and the absence of timely discovery compliance—not to prove the validity or amount of any disputed claim or to impeach by contradiction. Plaintiff recognizes that identifying a permissible purpose does not compel admission. If the Court declines to consider Exhibit 13 or the extension chronology in Declaration ¶ 9, Exhibit 12 and Declaration ¶¶ 8–10 independently establish the

April 20 courtesy transmission and nonreceipt prior to August 4. Moreover, if the Court declines the supplemental record altogether, Plaintiff's existing-record objections regarding Velocity's missing defense proffer and corporate responsibility remain fully ripe for *de novo* determination.

## III. OBJECTION ONE: THE ABSENCE OF ANY IDENTIFIED FACTUAL DEFENSE TO THE STATUTORY COLLECTOR-CONDUCT CLAIMS WEIGHS AGAINST RELIEF

The R&R recognizes that Velocity's state collection action was dismissed with prejudice and states that, without a responsive pleading, the Court cannot adequately determine what defenses Velocity may assert, yet assigns the meritorious-defense factor neutral weight. ECF No. 45 at 7 & n.5. Plaintiff objects to treating a defaulted movant's complete failure to identify a factual defense to affirmative statutory claims as an evidentiary tie.

Under settled Fourth Circuit precedent, a party seeking to set aside default bears an affirmative—if modest—obligation to present or proffer underlying facts that, if believed, would permit a finding in its favor. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251–52 (4th Cir. 1967) (bare or conclusory assertions of a defense, without supporting facts, are insufficient). Plaintiff does not demand trial-level proof or contend that a proposed answer is mechanically indispensable in every case. The threshold question is whether the materials actually presented identify a potentially dispositive factual defense to the claims pending before this Court.

Here, Plaintiff prosecutes statutory causes of action under 15 U.S.C. §§ 1692c(c), 1692e, 1692f, and 1692g(b) and S.C. Code Ann. § 39-5-20 directed to Velocity's affirmative collection conduct. R&R 2. In ECF No. 37 at 6, Velocity offered only procedural doctrines tied to its then-pending state collection suit—ripeness, potential res judicata, *Colorado River* abstention, and

*Rooker–Feldman*—coupled with an unsworn boilerplate denial of wrongdoing. Once the state collection suit was dismissed with prejudice, those state-pendency defenses collapsed. R&R 5–7. Velocity's motion proffers zero facts showing that its collection conduct complied with federal or state law: nothing refuting its failure to cease collection under §§ 1692g(b) and 1692c(c), nothing explaining why challenged representations were truthful under § 1692e, and nothing defending against unfair or unconscionable practices under § 1692f and S.C. Code Ann. § 39-5-20.

Velocity's May 15, 2026 CFPB response, ECF No. 33-1, discussed at R&R 8, does not cure that omission. Reciting a generic account-purchase chain addresses debt ownership, not whether Velocity's subsequent collection methods complied with the FDCPA and SCUTPA. As shown in *Pomerantz v. Coastal Carolina University*, No. 4:22-cv-01437-JD-TER, ECF No. 31 at 3–4 (D.S.C. Sept. 25, 2023) (Appendix A, pt. II), this Court granted Rule 55(c) relief where the movant identified concrete defenses to the pleaded claims, defaulted through counsel's error rather than client fault, and had no dilatory history ECF No. 31 at 3–4. By contrast, Velocity identified no factual defense to the surviving statutory claims, tendered no proposed answer, and filed no Local Civil Rule 26.01 disclosures. R&R 5 n.4, 7. Under *Moradi* and *Consolidated Masonry*, assigning "neutral" weight to a movant's total failure of proof improperly relieves Velocity of its threshold burden; this factor must weigh against vacatur.

## IV. OBJECTION TWO: VELOCITY'S OWN EXPLANATION ATTRIBUTES THE INCORRECT SERVICE DATE TO ITS CORPORATE PERSONNEL

Velocity's own opposition brief represents that, on May 15, 2026, Velocity's corporate staff forwarded the complaint to outside counsel and informed counsel that service had occurred that day, causing counsel to calendar June 5 rather than the June 1 response deadline found by the R&R. ECF No. 37 at 2; ECF No. 45 at 4–5, 8. Taking Velocity's explanation strictly at face

value, the calendaring error did not arise from outside counsel's independent mishandling of an accurately supplied service date; it originated with inaccurate information supplied by the corporate client itself.

The R&R treats that internal corporate error as a reason to weigh personal responsibility in Velocity's favor. ECF No. 45 at 8. That conclusion conflates attorney negligence with client responsibility. *Moradi* emphasizes protecting a blameless client from an attorney's unilateral mistake, 673 F.2d at 728—not excusing a corporate litigant that misstates its own service date to counsel. As *Sauer Construction, LLC v. R & R Masonry, Inc.*, No. 2:24-cv-05277-DCN, ECF No. 23 at 6, 8–9 (D.S.C. May 22, 2025) (Appendix A, pt. II), confirms under Rule 55(c), corporate oversight does not tilt personal responsibility in the movant's favor; relief in *Sauer* rested on supported, claim-specific defenses absent here, *id.* § III.A. ECF No. 23 at 6, 8–9.

The May 15, 2026 CFPB response provides corroborating context without requiring any inference of intentional deception. On that exact same May 15 date, Velocity's Compliance Team logged a formal response identifying this federal lawsuit by docket number, 4:25-cv-13980, and representing that Velocity was participating in good faith. ECF No. 33-1; ECF No. 45 at 8. Combined with Velocity's admission that corporate personnel supplied the May 15 service date—and against the backdrop of the operative complaint's January 29, 2026 receipt by Velocity's registered agent (USPS Tracking No. 9589 0710 1052 7024 2344 011), noted strictly as notice chronology while accepting the R&R's service findings—Velocity cannot be treated as a blameless client. Personal responsibility should weigh adversely, or at minimum nonfavorably, against relief.

## V. REACTIVE PROMPTNESS WITHOUT A PROPOSED PLEADING DOES NOT CURE MISSING DEFENSES OR CORPORATE FAULT

Plaintiff accepts that Velocity filed its opposition on June 16, 2026, two weeks after the June 2 entry of default, and does not challenge the R&R's finding of reasonable promptness. ECF No. 45 at 5 n.4, 7–8; *see Colleton*, 616 F.3d at 418. Promptness in filing a reactive opposition, however, must remain confined to its proper role in the *Payne* balance.

As Magistrate Judge West expressly noted, Velocity waited until June 16 to appear and still failed to attach a proposed responsive pleading. ECF No. 45 at 5 n.4. Instead, Velocity advanced technical objections to service under Rule 4(m) and amendment under Rule 15(a) that the R&R properly rejected as meritless, R&R 5–6, while withholding an answer and omitting defense facts. Modest credit for opposing default within fourteen days cannot supply a missing meritorious defense, erase corporate client fault, or outweigh a documented history of noncompliance.

## VI. OBJECTION THREE: THE SUPPLEMENTAL RECORD DOCUMENTS A SUSTAINED PATTERN OF STATUTORY AND PROCEDURAL NONCOMPLIANCE

The R&R weighed the dilatory-history factor in Velocity's favor solely because the Magistrate Judge had no evidence before her of Velocity's conduct outside the federal answer deadline. ECF No. 45 at 9. Exhibits 1–14, including Exhibit 10A, close that gap by documenting five connected episodes across the same underlying debt-collection dispute.

### A. August–October 2025: Sixty-Seven-Day Delay and Intervening Litigation Activity Following a Written § 1692g(b) Dispute.

Debt collectors and their litigation counsel enjoy no exemption from the FDCPA: litigation brought to collect a consumer debt is regulated collection activity under 15 U.S.C. § 1692a(6). *Heintz v. Jenkins*, 514 U.S. 291, 292, 294 (1995); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229–34 (4th Cir. 2007); *Scott v. Jones*, 964 F.2d 314, 316 (4th Cir. 1992).

Furthermore, the FDCPA is a strict-liability statute. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 375 (4th Cir. 2012); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 389 (4th Cir. 2014). Under 15 U.S.C. § 1692g(b) and 12 C.F.R. § 1006.38(d)(2), receipt of a qualifying, timely written dispute requires the collector to cease collection until verification is obtained and mailed. While delay in sending verification does not by itself violate § 1692g(b) absent intervening collection activity, *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999), pursuing affirmative collection litigation before verification is mailed squarely implicates the statutory bar.

On August 12, 2025, Plaintiff executed a written dispute invoking § 1692g and requesting cessation pending verification; he mailed it on August 14 via USPS Certified Mail (Tracking No. 9589 0710 5270 2423 5616 8), and USPS tracking recorded pickup on August 19, 2025. Ex. 2 at 1; Ex. 1 ¶ 3. For sixty-seven days after pickup, Velocity left the validation demand unanswered while actively prosecuting its collection suit—including filing a Motion for Judgment on the Pleadings during the statutory cease-collection window—until counsel sent a packet received on October 26, 2025, accompanied by an October 20, 2025 cover letter beginning "In response to your dispute." Ex. 4 at 1; Ex. 1 ¶ 4. Plaintiff does not ask this Court to adjudicate standalone FDCPA liability on this motion, but the documented chronology refutes any claim that Velocity's conduct in this dispute was free of statutory noncompliance.

**B. October–November 2025: Untimely Responses to Requests for Admission Under SCRCP 5(b)(1), 6(e), and 36(a)–(b).**

Plaintiff's filed certificate of service (Oct. 17, 2025) and matching USPS Certified Mail receipt (Tracking No. 9589 0710 5270 2422 3614 14) document service by mail on October 15, 2025 of discovery requests including Requests for Admission directed to account ownership, contract terms, alleged balance, and business records. Ex. 6 at 1; Ex. 1 ¶ 5. Under SCRCP 5(b)

(1), service by mail is complete upon mailing. Applying SCRCP 36(a)'s thirty-day window and SCRCP 6(e)'s five-day mail allowance, Velocity's mandatory response deadline expired on November 19, 2025.

Velocity missed that deadline, serving responses dated November 21, 2025, metered via Pitney Bowes on November 24, and received November 28, without moving for withdrawal or relief under SCRCP 36(b). Ex. 9 at 1; Ex. 1 ¶ 6. Plaintiff recognizes that SCRCP 36(b) confines admissions to the pending action and does not ask this Court to give state-court admissions conclusive federal effect. Rather, Velocity's disregard of a self-executing, case-dispositive discovery deadline in the same underlying dispute is directly relevant to whether Velocity has a history of treating procedural deadlines as optional.

**C. March 2026: Conflicting Discovery-Compulsion and Summary-Judgment Orders, Plaintiff's March 15 Meet-and-Confer Notice, Refusal to Stipulate, and Vacatur.**

The March 2026 state-court record demonstrates an acute procedural disruption that forced avoidable post-judgment litigation. On March 10, 2026, at 4:13 p.m., the state court (through Judge Charles J. McCutchen's chambers) entered an Order granting Plaintiff's Motion to Compel Discovery under SCRCP 37(a). Ex. 10 at 1; Ex. 11 at 1. Yet less than twenty-one hours later—on March 11, 2026, at 12:22 p.m. (NEF entered at 1:02 p.m.)—Velocity's counsel submitted a proposed Summary Judgment Order seeking a ~$20,039 money judgment to a different Circuit Judge, the Honorable William H. Seals, Jr., while electing service on Plaintiff by U.S. Mail rather than contemporaneous electronic service. Ex. 10 at 1; Ex. 10A at 1. Unaware of the March 10 discovery-compulsion order entered the previous afternoon, Judge Seals signed and entered the proposed ~$20,039 judgment on March 12, 2026, at 11:53 a.m. Ex. 10 at 1; Ex. 11 at 1.

Crucially, Plaintiff immediately attempted to resolve this conflict cooperatively without burdening the court. On Sunday, March 15, 2026, at 5:31 p.m.—four days before filing formal post-judgment motions—Plaintiff transmitted a written Meet and Confer / Administrative Notice by email to Velocity's counsel (Eric Hale, Jennifer DeMarco, and Wylie Clarkson), attaching a draft Rule 60(a) Motion for Clarification and to Correct the Record. Ex. 10A at 1–2. In that March 15 notice, Plaintiff: (1) identified the direct conflict between Judge McCutchen's March 10 discovery order—in immediate reliance on which Plaintiff had served discovery on March 12—and Judge Seals's March 12 order terminating the case; (2) pointed out that counsel had e-filed the proposed order on March 11 at 1:02 p.m. while selecting U.S. Mail service on Plaintiff (which Plaintiff had still not received), contrary to SCRCP 5(b)(3)'s mandate that proposed orders submitted to the court be served on all parties at the same time and by the same means; and (3) expressly asked whether Velocity would consent to a voluntary vacatur of the March 12 Order by 2:00 p.m. on Monday, March 16, 2026, so the parties could return to the court-ordered discovery track in the interest of judicial economy, requesting a written email response. Ex. 10A at 1–2.

Velocity's counsel did not agree to voluntary vacatur, compelling Plaintiff to file formal post-judgment motions on March 19, 2026 under SCRCP 59(e) and 60(b) (Motion to Alter and/or Amend and Motion for Findings of Fact and Conclusions of Law). Ex. 10 at 1. On March 26, 2026, Judge Seals's chambers—copying Judge McCutchen's chambers—apologized to Plaintiff, confirmed that the court "was not aware of the March 10th order," and stated unequivocally that "[i]f the court were aware of the subsequent motion and order, it would not have issued the order on March 12th, as Summary Judgment is not ripe until discovery has been completed," directing vacatur of the March 12 judgment. Ex. 11 at 1; *see also Baughman v. Am.*

*Tel. & Tel. Co.*, 306 S.C. 101, 112, 410 S.E.2d 537, 543 (1991) (summary judgment premature before completion of discovery); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 326 (1986); SCRCP 56(c), (f). Plaintiff does not ask this Court to adjudicate professional-conduct discipline or enter findings of intentional deceit; the undisputed documentary record—an unripe ~$20,039 judgment entered twenty hours after a compulsion order, counsel's refusal to stipulate after Plaintiff's March 15 meet-and-confer notice (Ex. 10A), forced Rule 59(e)/60(b) motion practice, and chambers' March 26 corrective apology (Ex. 11)—amply establishes dilatory, obstructive litigation conduct.

**D. April–August 2026: Nearly Four Months of Noncompliance With Compelled Discovery Under SCRCP 33, 34, and 37(a)–(b).**

Following the March 10 compulsion order, Plaintiff served interrogatories under SCRCP 33 and requests for production under SCRCP 34 via USPS Certified Mail (Tracking No. 9589 0710 5270 2422 3442 64), mailed March 12, 2026 and delivered March 17, 2026, establishing an April 16, 2026 response deadline under the thirty-day mandate. Ex. 10 at 1; Ex. 1 ¶ 8. When no responses arrived by April 16, Plaintiff emailed counsel on April 20, 2026 requesting confirmation and attaching courtesy PDF copies of the March 10 order, the SCRCP 33 and 34 requests, and the certificate of service. Ex. 12 at 1; Ex. 1 ¶ 8. Plaintiff filed an affidavit of noncompliance and a Rule 37(b) sanctions motion on April 22. Ex. 10 at 1.

In counsel's April 24, 2026 email reply, counsel denied misconduct and wrote, *"If I am forced to respond to your discovery,"* while—as detailed in Declaration ¶ 9 (Ex. 13 at 1; Ex. 1 ¶ 9)—stating that he had not previously seen the requests before April 20, requesting a thirty-day extension until May 17, 2026 to consult his client, and asserting that discovery had been moot while the unripe March 12 judgment stood. Plaintiff declined the informal extension on April 25, 2026. Ex. 1 ¶ 9. Counsel obtained no extension or protective order under SCRCP 6(b), and—

even measured against counsel's own stated April 20 receipt date and requested May 17 target—delivered zero discovery responses in May, June, or July 2026, withholding any production until August 4, 2026 (79 days past May 17, 110 days past April 16, and 147 days after the March 10 compulsion order). Ex. 1 ¶¶ 9–10.

**E. August 4, 2026: Last-Minute Courthouse Delivery and Returned Packet Irregularities.**

Plaintiff credits counsel with making a packet available at the courthouse on August 4, 2026, and acknowledges that he left without examining it and that Clerk of Court Doris Poulos O'Hara returned the packet on August 5, 2026. Ex. 1 ¶¶ 10–11; Ex. 14 at 1. Even crediting that tender, the retained pages of the returned packet reveal glaring preparation defects: a cover letter dated May 22, 2026 placing Plaintiff's name above an unfamiliar Florence street address ("101 Kinard St., Florence, SC"), reciting an unrelated file number ("54-23507" rather than "55-04997" shown on Ex. 4), and opening with the salutation "Dear Mr. Hinojosa:"; accompanied by a selected response page bearing the future date "November 21, 2026" [sic]. Ex. 14 at 2–3; Ex. 1 ¶ 12. While Plaintiff does not ask the Court to infer fabrication from those defects alone, they reinforce that Velocity's August 4 tender was neither a timely nor an orderly compliance with months-overdue discovery obligations.

**F. Cumulative Assessment Under Payne.**

Viewed as a unified chronology, Exhibits 1–14 (including Exhibit 10A) demonstrate that Velocity's missed June 1, 2026 federal answer deadline was not an isolated anomaly in an otherwise diligent defense. Across the same dispute, Velocity delayed sixty-seven days on a statutory § 1692g(b) validation demand while moving for judgment on the pleadings; served late responses to case-dispositive requests for admission; procured an unripe ~$20,039 summary judgment twenty hours after an adverse discovery-compulsion order and refused Plaintiff's

March 15 meet-and-confer request for voluntary vacatur (Ex. 10A); and withheld compelled discovery responses for 147 days after the compulsion order before tendering a misaddressed, misnamed packet at the courthouse. Combined with Velocity's client-supplied service-date error and its total failure to proffer a factual defense, the dilatory-history factor weighs against setting aside default.

## VII. A WORD ABOUT PREJUDICE

Plaintiff is not contesting prejudice and the R&R. However, after this dilatory history knowledge, his being required to spend more months, and with Velocity's track record of ignoring deadlines and not providing full discovery, this extension the Court can end now, with fully proper Payne test reason, will cause him more than traditional 'frustration' R&R at 9. He further disagrees with the Defendant's claim that "There is no unfair prejudice to the Plaintiff in vacating the default". ECF No. 37 at 7. Velocity is not a typical litigant. Plaintiff has already suffered from a real physical and mental toll he has been paying, *needlessly,* for fourteen months for a claim they failed to prove. While this may not meet the legal definition of prejudice, to him it is extreme prejudice. He believes that this consideration should be counted against Velocity as well, or at a minimum, be negated as neutral.

## VIII. CONCLUSION AND REQUESTED RELIEF

Plaintiff respects the Fourth Circuit's preference for merits adjudication and accepts the R&R's findings on service, amendment, promptness of the June 16 opposition, prejudice, and lesser sanctions. Those considerations, however, do not dispense with the threshold requirement of good cause under Rule 55(c). Defendant stands in default and asks this Court for discretionary relief without proffering a single factual defense to the statutory claims against it, while attributing its missed deadline to its own corporate personnel and accumulating a documented

record of procedural noncompliance across the underlying dispute. Plaintiff has complied with the rules and seeks no special favor—only *de novo* review of the complete record and a ruling grounded in settled Fourth Circuit precedent.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) exercise its discretion under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(3) to receive Exhibits 1–14, including Exhibit 10A, for the limited dilatory-history purpose set forth above; (2) conduct *de novo* review of the specifically challenged portions of the Report and Recommendation, ECF No. 45 at 7–10; (3) weigh adversely—or at minimum nonfavorably—Velocity's failure to identify a factual defense to the surviving statutory claims, the corporate source of the incorrect service-date representation, and the supplemented history of dilatory conduct; (4) decline the recommended vacatur and deny Velocity's Rule 55(c) motion, ECF No. 37, leaving the Clerk's entry of default in place; and (5) determine the objections directly on the briefing without recommittal, reopened discovery, an evidentiary hearing, or a separate defense-cure schedule, leaving any Rule 55(b) default-judgment determination for separate proceedings.

**Respectfully submitted on November 24, 2026,**

______________________________

Tommy Lee Funderburke, Plaintiff, Pro Se
Post Office Box 883, Johnsonville, South Carolina 29555 | tommyfunderburke@gmail.com

**CERTIFICATE OF SERVICE:** I certify that on November 24, 2026, I served a true and correct copy of Plaintiff's Limited Objections to Report and Recommendation, Supplemental Dilatory-History Record, and Request for Direct De Novo Determination, together with Appendix A and Supporting Exhibits 1–14 (including Exhibit 10A), upon Eric C. Hale, counsel for Defendant Velocity Investments, LLC, via the Court's CM/ECF system.

Tommy Lee Funderburke, Plaintiff, Pro Se