# APPENDIX A: FOURTH CIRCUIT AND DISTRICT OF SOUTH CAROLINA DEFAULT-RELIEF COMPARISON MATRIX

This appendix compares fifteen authorities and Plaintiff's *proposed weighting* across the six *Payne* considerations: meritorious defense (MD), reasonable promptness (PR), personal responsibility (RS), prejudice (PJ), dilatory history (DH), and less drastic sanctions (LS). Published Fourth Circuit opinions are binding circuit authority; the unpublished opinion and district-court decisions are persuasive. Reports and recommendations are identified as recommendations. Moradi and Augusta Fiberglass concern relief from default judgments. Entries identify actual case reasoning rather than assign factor findings the court did not make.

| Case Authority & Forum | Payne Prong Breakdown | Adjudication & Controlling Rule |
|---|---|---|
| **I. FOURTH CIRCUIT AUTHORITIES — PUBLISHED EXCEPT XEROX** | | |
| *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251–52 (4th Cir. 1967). | **MD:** Conclusory defense; no underlying facts.<br>PR: More than 2½ months after default.<br>RS: Negligent failure to check record.<br>Other factors: Not separately graded. | **Refusal to set aside entry of default affirmed after default judgment had been reopened.** The court could require underlying facts and did not abuse its discretion in rejecting the conclusory defense. |
| *United States v. Moradi*, 673 F.2d 725, 727–28 (4th Cir. 1982). | **MD:** Potential household-goods or other defense.<br>PR: Immediate motion upon learning of judgment.<br>RS: Client blameless.<br>LS: Lesser sanctions available. | **Denial of relief from default judgment reversed.** States the proffer standard and distinguishes client fault from attorney fault. Not an automatic bar to entry-of-default relief whenever a client is at fault. |
| *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953–54 & nn.1–2 (4th Cir. 1987). | **MD / PR:** Majority regarded defense and diligence as not in question.<br>RS: Defendants blameless.<br>PJ: No lost evidence.<br>DH / LS: Counsel delay; lesser sanctions had not been tried. | **Default judgment vacated; good cause found to set aside liability default.** Attorney sanctions were suggested, not described as already imposed. |
| *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810–13 (4th Cir. 1988). | **MD:** Officer affidavits supported damages defenses and counterclaims.<br>PR: Motion within two weeks of judgment.<br>RS: Client largely blameless.<br>PJ: No unfair prejudice.<br>LS: Attorney sanctions available. | **Denial of Rule 60(b)** relief from final default judgment reversed. A supported partial damages defense can suffice. Not a direct entry-of-default holding. |

| Case Authority & Forum | Payne Prong Breakdown | Adjudication & Controlling Rule |
|---|---|---|
| *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). | **MD / PR / RS / PJ / DH / LS:** Six-factor framework stated. No separate appellate grade or detailed defense-proffer description for each factor. | **Orders setting aside entries of default affirmed.** The district court considered the six factors and did not abuse its discretion on the record. |
| *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–21 (4th Cir. 2010). | **MD:** Evidence of a defense.<br>PR: Nine days after counsel learned of suit.<br>RS: Agent routing error; attribution unresolved.<br>PJ: At best neutral.<br>DH: No other instances.<br>LS: Favored relief. | **Refusal to set aside default reversed. Rule 55(c) is more forgiving than Rule 60(b).** Responsibility had been overemphasized in light of the overall record. |
| *Xerox Corp. v. Rimm Holdings, Inc.*, No. 22-1500 (4th Cir. Jan. 4, 2023) (unpublished). | **MD:** Repeated rejected arguments; no denial of breach.<br>PR: Later answer motion filed after court deadline.<br>RS: Counsel's docket-monitoring failures attributable to party.<br>Other factors: Not separately graded. | **Denial of relief affirmed.** The motion addressed only defense merits and repeated rejected arguments. Unpublished; not binding circuit precedent. |

| Case Authority & Forum | Payne Prong Breakdown | Adjudication & Controlling Rule |
|---|---|---|
| **II. DISTRICT OF SOUTH CAROLINA — PERSUASIVE DECISIONS AND R&Rs** | | |
| *Moxhet v. Telstar Cable Commc'ns, Inc.*, No. 4:13-cv-896-BHH-KDW, §§ II–IV (D.S.C. Nov. 20, 2014) (R&R). | **MD:** Existing answer alleged payment, good faith, limitations.<br>PR: Court-set deadline met.<br>RS: Officer affidavits explained inability to obtain counsel.<br>PJ: Only ordinary delay.<br>Other factors: Not separately graded. | **Recommended vacatur** and reinstatement of the existing answer, not acceptance of a newly proposed answer. No separate favorable finding on every factor. |
| *McNeil v. Smith*, No. 4:18-2348-MGL-KDW, § I.B (D.S.C. Apr. 6, 2020) (R&R). | **MD:** Guilty plea from same incident.<br>PR: Fourteen days after default.<br>RS: Against defendants.<br>PJ: No prejudice shown.<br>DH: Evidence of dilatory tactics.<br>LS: $125 per defendant recommended. | **Recommended vacatur with $250 total sanctions.** Responsibility and dilatory history were adverse, not favorable. The cited document recommends rather than imposes sanctions. |
| *Regional Medical Center of Orangeburg & Calhoun Counties v. Salem Services Group, LLC*, No. 5:19-cv-00287-JMC, §§ III–IV (D.S.C. Apr. 23, 2020). | **MD:** No evidence or underlying defense facts.<br>PR: Unreasonable delay, not prompt.<br>RS: No adequate explanation.<br>DH / LS: Did not outweigh deficiencies.<br>PJ: Not separately resolved. | **Motion denied.** The conclusory motion lacked supporting briefing, defense facts, and an adequate delay explanation. |
| *Pomerantz v. Coastal Carolina Univ.*, No. 4:22-cv-01437-JD-TER, Discussion (D.S.C. Sept. 25, 2023). | **MD:** Answer raised defenses.<br>PR: Answer filed on day default requested, thirteen days late.<br>RS: Counsel at fault, not clients.<br>DH: None.<br>LS: Sanctions inappropriate. | **Default motions denied under Rule 55(c)'s standard although no formal entry of default had been made.** Supported defenses and prompt action favored merits adjudication. |

| Case Authority & Forum | Payne Prong Breakdown | Adjudication & Controlling Rule |
|---|---|---|
| *Vance v. Marlboro County School District*, No. 4:24-cv-6191-SAL-KDW, § II.B (D.S.C. Apr. 25, 2025) (R&R). | **MD:** Proposed answer and claim-specific HR affidavit.<br>PR: Prompt after learning of default.<br>RS: District not at fault.<br>PJ / DH: Favored relief.<br>LS: None appropriate. | **Recommended vacatur.** Claim-specific affidavit evidence satisfied the minimal proffer burden. No universal affidavit or proposed-answer requirement announced. |
| *Goggins v. Anderson*, No. 1:23-6709-TMC-KDW, § III (D.S.C. July 29, 2025) (R&R). | **MD:** Limitations based on complaint dates; qualified immunity.<br>PR: Prompt after hearing notice.<br>RS: Some responsibility, but reliance on Legal Shield explained.<br>PJ / DH: Favored relief.<br>LS: None appropriate. | **Recommended vacatur.** Complaint dates supplied an appraisable limitations defense. Responsibility favored relief despite some party fault. |

## III. OTHER DISTRICT COURTS IN THE FOURTH CIRCUIT — PERSUASIVE

| | | |
|---|---|---|
| *Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F. Supp. 2d 712, 718–20 (D. Md. 2001). | **MD:** Supported dispute over amount owed.<br>PR: Reasonably prompt.<br>RS: Mixed client / counsel fault.<br>PJ: No unfair prejudice.<br>DH / LS: Not material to ruling. | **Vacatur GRANTED, not denied.** Some defenses failed, but a supported damages defense sufficed. Some client fault did not preclude Rule 55(c) relief. |
| *Pinpoint IT Services, L.L.C. v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 724–28 (E.D. Va. 2011). | **MD:** Plausible defenses to Counts I–II, none to III; neutral overall.<br>PR: Prompt, nine days.<br>RS / DH: Against movant.<br>PJ / LS: Favored relief. | **Vacatur GRANTED, not denied.** Contract- and letter-based defenses supported some counts; adverse responsibility and history did not prevent relief. |

## IV. INSTANT CASE — PLAINTIFF'S REQUESTED WEIGHTING, NOT FINDINGS

| Case Authority & Forum | Payne Prong Breakdown | Adjudication & Controlling Rule |
|---|---|---|
| ***Funderburke v. Velocity Invs., LLC***, No. 4:25-cv-13980-JD-KDW, ECF Nos. 37, 43 & 45 (D.S.C.). | **MD:** Adverse weight requested for present proffer.<br>PR: Corrective filing timing accepted; limited significance.<br>RS: Client-supplied service-date error.<br>PJ / LS: Unchallenged.<br>DH: Expanded sequence in § VI; Exs. 1–14; August 4 delivery credited. | **Plaintiff requests denial of vacatur based on the existing** defense showing, accepted client contribution, and supplemented history. August FDCPA contention is separate from November admissions timing; no new liability finding or federal enforcement of state admissions is requested. |

## EVIDENCE-MATCHING SECTION — DISPUTE, ADMISSIONS, AND MARCH RECORD

Exhibit numbers are intentionally nonconsecutive to preserve the signed declaration's original references. Exhibit 1 is reproduced without alteration; its references to omitted attachments do not submit them. Only the materials listed in the revised index are attached and offered. The new email is Exhibit 10. The former Exhibit 10 docket excerpt is Exhibit 10A. References to Exhibit 10 within the unchanged signed declaration identify that original docket excerpt, not the new email.

### A. August–October FDCPA dispute

Filing § VI.A; Declaration ¶¶ 3–4. Ex. 2 at 1 is the August 12 dispute; Ex. 4 at 1 is the October 20 response cover letter. The signed declaration reports August 14 mailing, identifies August 19 pickup from the tracking record Plaintiff received, and supplies October 26 receipt of the response mailing. The tracking printout is not attached. The retained sources support the reported sequence, not by themselves every statutory prerequisite, intervening collection act, enclosure, or actual mailing date. This episode does not rely on state discovery or a motion to compel.

### B. Separate October–November admissions response

Filing § VI.B; Declaration ¶¶ 5–6. Ex. 6 at 1 is the filed service certificate. Ex. 9 at 1 is the envelope bearing the November 24 meter date. The signed declaration describes the October 15 mailing and reports the November 21 response date and November 28 receipt. The request instrument, separate postal receipt, and response instrument are not attached or offered. A meter date is not proof of postal deposit. No federal enforcement of state admissions or automatic judgment is requested.

### C. March meet-and-confer email, docket, and chambers' apology

Filing § VI.C; Declaration ¶ 7. Ex. 10A at 1 shows March 10, 11, and 12 entries. Ex. 11 at 1 acknowledges the court's oversight and announces intended corrective relief. Neither March order nor April vacatur order is reproduced. No effective-vacatur-date, intentional concealment, or judge-shopping inference is offered. Ex. 10 at 1–2 is the March 15, 2026 meet-and-confer email concerning the conflicting orders, service of the proposed order, and the request for consent to vacatur of the March 12 order. It documents Plaintiff's notice and request, not an adjudicated violation or counsel's response. The listed motion attachment is not reproduced.

## EVIDENCE-MATCHING SECTION — APRIL, AUGUST, AND EXISTING FEDERAL RECORD

### D. April receipt explanation and request for time

Filing § VI.D; Declaration ¶¶ 8–9. Ex. 12 at 1 is the retained April 20 follow-up email page; the separate attachment-list page is omitted. Declaration ¶ 8 identifies the materials Plaintiff sent. Ex. 13 is the supplied heavily redacted image of the April 24 reply. It does not display counsel's receipt explanation or requested May 17 date. Those statements are reported only in Declaration ¶ 9, not attributed to visible exhibit text. No redacted content is reconstructed. Section II addresses the confined procedural purpose and the Court's evidentiary discretion.

### E. August delivery credited and visible irregularities

Filing § VI.E; Declaration ¶¶ 10–13. The declaration credits papers made available August 4 and describes nonreceipt before then. Ex. 14 at 1 is the Clerk's return letter; at 2 is the replacement image of the May 22 letter bearing the Hinojosa salutation and an address Plaintiff declares unfamiliar; at 3 is the retained selected response page. The previously included fourth page is omitted. The revised filing does not rely on the omitted page's circuit designation, file number, or November 21, 2026 date. The retained pages do not establish fabrication, complete nonresponse, or prior mailing.

### Existing federal record and limits of the supplement

Filing §§ III–V and VI.F. ECF No. 37 at 2 and 6 supplies the client service-date account and defense proffer. ECF No. 45 at 4–9 contains the accepted findings and challenged weighting. ECF No. 33-1 supplies Velocity's existing company response; ECF No. 43 records the state dismissal. Those records are cited directly, not duplicated as new evidence. No transcript, hearing-notice dispute, disqualification request, immediate default judgment, or sanctions request is added.

## REVISED INDEX OF RETAINED SUPPORTING EXHIBITS

**Exhibit 1 — Signed declaration of Tommy Lee Funderburke (2 pages).**

Original uploaded photographs, reproduced without alteration; execution date November 24, 2026. Original internal exhibit references remain unchanged.

**Exhibit 2 — August 12, 2025 FDCPA dispute letter (1 page).**

Complete supplied letter; the signed declaration supplies the mailing and receipt account.

**Exhibit 4 — October 20, 2025 response to the dispute (1 page).**

Complete selected cover-letter image; enclosures are described by the letter but not reproduced here.

**Exhibit 6 — Signed service certificate filed October 17, 2025 (1 page).**

Certifies October 15 mailing and identifies the requests and certified-mail number.

**Exhibit 9 — Envelope bearing November 24, 2025 Pitney Bowes meter date (1 page).**

Envelope-photo page only; a meter date is not conclusive proof of actual postal deposit.

**Exhibit 10 — March 15, 2026 meet-and-confer email concerning conflicting orders (2 pages).**

Complete supplied two-page email requesting consent to vacatur of the March 12 order and addressing service of the proposed order. The listed attachment is not reproduced.

**Exhibit 10A — State public-index docket — March entries (1 page).**

Complete supplied excerpt, including the March 10 grant of compulsion and denial of sanctions.

**Exhibit 11 — March 26, 2026 chambers apology and intended vacatur (2 pages).**

Complete supplied two-page correspondence; not an entered vacatur order.

**Exhibit 12 — April 20, 2026 follow-up email (1 retained page).**

Original first email page only. The separate attachment-list page is omitted; the attachments are not reproduced as part of this exhibit.

**Exhibit 13 — April 24, 2026 counsel reply — redacted replacement (1 page).**

Supplied heavily redacted image only, with no hidden unredacted copy. No complete paragraph 2, receipt explanation, requested extension date, or surrounding redacted content is offered through this image.

**Exhibit 14 — Clerk's return letter and selected August courtroom-paper pages (3 pages).**

Page 1: August 5 clerk letter; page 2: supplied replacement image of the May 22 / Hinojosa cover letter; page 3: retained selected response page. Not the entire returned stack.

The signed declaration is reproduced as supplied, not rewritten or re-executed. Existing exhibit numbers are retained except for the former Exhibit 10, now Exhibit 10A. Omitted materials are not submitted by incorporation. Image content, signatures, and the supplied email redactions are preserved; exhibit labels and packet numbers are outside the reproduced source areas. The new email is Exhibit 10. The former Exhibit 10 docket excerpt is Exhibit 10A.

**EXHIBIT 1 — PAGE 1 OF 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **TOMMY LEE FUNDERBURKE,**<br>Plaintiff, *Pro Se*,<br><br>v.<br><br>**VELOCITY INVESTMENTS, LLC,**<br>Defendant. | Civil Action No. 4:25-cv-13980-JD-KDW<br><br>**Joseph Dawson, III**<br>**United States District Judge**<br><br>**Kaymani D. West**<br>**United States Magistrate Judge** |

**EXHIBIT 1 — DECLARATION OF TOMMY LEE FUNDERBURKE IN SUPPORT OF LIMITED OBJECTIONS TO REPORT AND RECOMMENDATION**

I, Tommy Lee Funderburke, declare under 28 U.S.C. § 1746 as follows:

**1.** I am the Plaintiff proceeding *pro se* in this action. These statements concern my own actions, observations, records, and receipt of correspondence in the related state action, Velocity Investments, LLC v. Tommy Funderburke, C.A. No. 2025-CP-21-01796.

**2.** Exhibits 2–14 reproduce the identified documents or expressly identified excerpts from my records. Exhibit 7 reproduces the original postal-receipt image without the accompanying analytical fact sheet. The email exhibits preserve the displayed dates, sender and recipient information, and content identified in the index. The attachments listed in the April 20 email are not reproduced as part of that email exhibit.

**3.** On August 14, 2025, I mailed the August 12 debt-dispute letter reproduced in Exhibit 2 to Clarkson & Hale by certified mail. Exhibit 3 is the USPS tracking record for that mailing, number 9589071052702422356168. It shows USPS possession August 14 and pickup in Columbia August 19.

**4.** I received the October 20, 2025 cover letter reproduced in Exhibit 4 with its mailing on October 26, 2025. I received no earlier written response addressing my August dispute. I identify the cover letter's printed date and my receipt date; I do not claim personal knowledge of the sender's actual postal-deposit date or characterize every enclosure's legal sufficiency.

**5.** On October 15, 2025, I mailed the packet identified in my signed certificate, including the requests for admission reproduced in Exhibit 5, by certified mail to Clarkson & Hale. The certificate, filed with the Clerk October 17, and the October 15 postal receipt identify tracking number 9589 0710 5270 2422 3614 14. Exs. 6–7.

**6.** I received the admissions responses reproduced in Exhibit 8 in the envelope reproduced in Exhibit 9 on November 28, 2025. No earlier admissions responses reached me. The responses bear November 21, 2025; the envelope displays a November 24 Pitney Bowes meter date. I identify those printed dates, not the date the sender actually deposited the envelope in the mail.

**EXHIBIT 1 — PAGE 2 OF 2**

7. Exhibit 10 is the supplied state-court public-index excerpt. I received the March 26, 2026 correspondence reproduced in Exhibit 11, in which chambers apologized and stated that the court would grant my motion and issue an order vacating the March 12 order.

8. On April 20, 2026, I sent the email reproduced in Exhibit 12 to counsel seeking the requested discovery and tracking information. I included the four attachments listed there: the Rule 34 requests, court order, Rule 33 requests, and service certificate.

9. I received counsel's April 24 reply reproduced in Exhibit 13. It stated that counsel had not seen my requests until April 20 and requested time through May 17. I identify counsel's request, not a court order or an extension I state that I granted.

10. I did not receive responses to the renewed interrogatories and production requests before August 4, 2026. At the August 4 hearing, counsel appearing for Velocity placed papers on the defense table for me. I acknowledge that the papers were made available to me in court that day. I left without examining them.

11. I later received the Clerk's August 5 letter and the papers returned with it. The letter says that I left documents in the courtroom August 4. Exhibit 14 at 1 is that letter. The remaining pages are selected pages from the courtroom-paper materials, not the entire returned stack.

12. On examining the returned papers, I observed a May 22, 2026 cover letter bearing my name and case caption, an address unfamiliar to me, and the salutation "Dear Mr. Hinojosa." I also observed the circuit designation, differing file numbers, and dates on the reproduced response pages, including November 21, 2026 on a page in the materials made available in August. Ex. 14 at 2–4. These observations do not establish when papers were previously prepared or mailed, or whether every request was answered.

13. No proof of an earlier mailing of responses to the renewed requests has been provided to me. My receipt statements describe what I personally received and observed. I do not claim knowledge of anyone else's internal handling or reading of documents, or why the state court denied any motion.

**I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.**

Executed on:
NOV 24 2026

**Tommy Lee Funderburke, Plaintiff, Pro Se**
P.O. Box 883, Johnsonville, South Carolina 29555
tommyfunderburke@gmail.com

# EXHIBIT 2 — PAGE 1 OF 1

August 12, 2025

Tommy Funderburke
PO Box 883
Johnsonville, SC 29555

Clarkson & Hale, LLC
PO Box 287
Columbia, SC 29202

**NOTICE TO CEASE ACTIONS AND PROVIDE VERIFICATION OF ALLEGED DEBT**

I am exercising my rights granted in Section §1692g of the FDCPA.

1) I dispute owing Velocity Investments and debt. I further demand you cease collection and legal instruments to attempt collecting an alleged debt.

2) I request proof of any debt owed to you. This proof includes the original agreement and signature. It includes records of payment activity. It includes providing proof of any chain of ownership. Provide proof the statute of limitations has not expired on any alleged debt. It further includes how the requested amount was arrived at and what your REAL EXPENSES ARE--buying debt cost, collection and legal actual costs. Finally, provide your business license and the departments which directly oversee your profession.

3) Failure to provide this information will compel me to register complaints with the New Jersey and South Carolina Departments of Consumer Affairs, The Better Business Bureau, and the Federal Consumer Financial Protection Bureau.

You must cease all adversarial movements until after all of the above rightfully demanded documentation is provided and I am given a reasonable time to review and seek possible legal advice.

Your failure to produce the legally required documents I request will result in a Motion to Dismiss the lawsuit you have initiated against me.

I am initially delaying a request for a Jury Trial temporarily to give you time to oblige my legally exercised request. I further reserve my right to secure legal representation at any point going forward.

Signed

Tommy Funderburke

# EXHIBIT 4 — PAGE 1 OF 1

CLARKSON & HALE, LLC
1044 WILDWOOD CENTRE DR
COLUMBIA, SOUTH CAROLINA 29201 (29229)

MAILING ADDRESS
POST OFFICE BOX 287
COLUMBIA, SC 29202
(803) 602-0789 - (888) 812-5240
FACSIMILE (803) 726-3568

October 20, 2025

TOMMY FUNDERBURKE
573 COUNTRY CLUB DR
JOHNSONVILLE SC 29555

TOMMY FUNDERBURKE
PO BOX 883
JOHNSONVILLE, SC 29555

Re: **VELOCITY INVESTMENTS, LLC v. TOMMY FUNDERBURKE**
**C/A No: 2025-CP-21-1796**
**File No: 55-04997**

DEAR MR. FUNDERBURKE:

In response to your dispute of the account(s) at issue in the above-referenced case, enclosed, please find the Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Requests for Production to Defendant, Plaintiff's First Requests for Admissions to Defendant which includes documents for the relevant account(s), and Certificates of Mailing, all of which are served upon you as **Defendant** in the above referenced matter.

Please do not hesitate to contact me should you have any questions or concerns.

Very truly yours,

Janelle T. Aukland
Clarkson & Hale, LLC

# EXHIBIT 6 — PAGE 1 OF 1

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

COURT OF COMMON PLEAS

2025 OCT 17 A 9:51

FILED

VELOCITY INVESTMENTS, LLC

Case # 2025-CP-21-1796

Plaintiff,

vs.

CERTIFICATE OF SERVICE

TOMMY LEE FUNDERBURKE

Defendant.

I HEREBY CERTIFY that the Defendant's Comprehensive Discovery Packet, consisting of the following four documents, was served upon the Plaintiff's Attorney of Record this **15th** day of **October, 2025**, in the manner set forth below:

1. **Defendant's First Set of Interrogatories (Rule 33, SCRCP)**
2. **Defendant's Second Request for Production of Documents (Rule 34, SCRCP)**
3. **Defendant's First Request for Admissions (Rule 36, SCRCP)**
4. **Notice of Intent to Take Deposition of Rule 30(b)(6) Corporate Representative (Rule 30, SCRCP)**

METHOD OF SERVICE:

Service was effectuated upon the following individual via **United States Postal Service Certified Mail, Return Receipt Requested,** to the address listed below:

Served Upon: Clarkson & Hale

**Address:** P.O. Box 287, Columbia, SC 29202

USPS Certified Mail Tracking
9589071052702422361414

I declare under penalty of perjury that the foregoing is true and correct.

**Tommy Lee Funderburke Defendant Pro Se** P.O. Box 883 Johnsonville, SC 29555

EXHIBIT 9 — PAGE 1 OF 1





EXHIBIT 10 — PAGE 1 OF 2



Gmail Tommy Funderburke <tommyfunderburke@gmail.com>

## Meet and Confer / Administrative Notice: Reconciling Conflicting Orders in C/A No. 2025-CP-21-01796

1 message

**Tommy Funderburke** <tommyfunderburke@gmail.com> Sun, Mar 15, 2026 at 5:31 PM

To: Eric Hale <eric.hale@clarksonlawllc.com>, jennifer.demarco@clarksonlawllc.com, wylie.clarkson@clarksonlawllc.com

**Subject:** Meet and Confer / Administrative Notice: Reconciling Conflicting Orders in C/A No. 2025-CP-21-01796

**To:** Eric Hale eric.hale@clarksonlawllc.com

**Dear Mr. Hale:**

Attached for your review is a copy of a **Motion for Clarification and to Correct the Record Pursuant to Rule 60(a), SCRCP**, which I intend to file tomorrow, Monday, March 16.

This motion is necessary to reconcile the direct conflict between the **March 10 Order (Judge McCutchen)**, which opened a discovery track, and the **March 12 Order (Judge Seals)**, which terminated the case. As you are aware, I acted in immediate reliance on the March 10 Order by serving discovery on March 12.

Furthermore, the record reflects that the proposed order submitted by your office was e-filed with the Court on March 11 at 1:02 PM, yet you selected to serve me by US Mail. Mail which I am yet to receive. You voided my due process by selecting 2 forms of service. You could have emailed me about the same time you filed electronically.

*Rule 5(b)(3) Service of Proposed Orders and Other Papers. Any party providing a proposed order, proposed findings of fact or conclusions of law, or proposed judgment or other paper to the court for its consideration in any pending matter shall serve the same on all counsel of record at the same time and by the same means.*

*Note to 1994 Amendment:*

*Rule 5(b)(3) clarifies the intent of Rule 5(a) and requires that proposed orders, findings of fact and conclusions of law and other materials provided to the court are to be served on all counsel of record. The material is to be provided to all other counsel at the same time and by the same means*

# EXHIBIT 10 — PAGE 2 OF 2



*as they are provided to the court. Thus opposing counsel will have the opportunity to review and comment on the proposed order before it is signed."*

**In the interest of judicial economy and to avoid unnecessary litigation of this clerical conflict, I am asking if the Plaintiff will consent to a voluntary Vacatur of the March 12 Order.** This would allow us to return to the discovery track already established by the Court on March 10 without further burdening the judges.

**Please provide your position regarding consent by 2:00 PM tomorrow, Monday, March 16. * If I have not heard from you by email by 2:00 PM**, I will proceed with filing the attached Rule 60(a) motion via USPS Certified Mail and will immediately provide courtesy copies of the motion and exhibits to the Law Clerks for both Judge Seals and Judge McCutchen via electronic mail.

- **Communication Request:** Due to my need for a written record of our meet-and-confer efforts for the Court, please respond to this inquiry **by email only**. No telephone calls, please.

Respectfully,

/s/ Tommy Funderburke, *Pro Se* P.O. Box 883 Johnsonville, SC 29555

**Rule 60 March 16.pdf**
111K

# EXHIBIT 10A — PAGE 1 OF 1



| | | | | | | |
|---|---|---|---|---|---|---|
| Funderburke, Tommy | Motion/Alter and/or Amend | Motion | | 03/19/2026-14:40 | 04/21/2026-14:40 | |
| Funderburke, Tommy | Motion/Findings Of Fact And Conclusions Of Law | Motion | | 03/19/2026-14:40 | 04/21/2026-14:49 | |
| | Verification/Verified | Filing | | 03/13/2026-16:54 | 08/19/2026-16:54 | |
| Velocity Investments Llc | Judgment/Summary Judgment | Judgment | | 03/12/2026-11:55 | 08/19/2026-11:55 | |
| Funderburke, Tommy | Judgment/Summary Judgment | Judgment | | 03/12/2026-11:55 | 08/19/2026-11:55 | |
| Velocity Investments Llc | NEF(03-12-2026 11:53:50 AM) Order/Summary Judgment | Filing | | 03/12/2026-11:53 | 08/19/2026-11:53 | |
| Velocity Investments Llc | Order/Summary Judgment | Order | | 03/12/2026-11:53 | 08/19/2026-11:53 | |
| Velocity Investments Llc | NEF(03-11-2026 12:22:25 PM) Proposed Order/Summary Judgm... | Filing | | 03/11/2026-13:02 | 03/12/2026-13:02 | |
| Velocity Investments Llc | Order/Order Cover Sheet $25.00 | Filing | | 03/11/2026-12:22 | 03/12/2026-12:22 | |
| Velocity Investments Llc | Service/Certificate Of Service | Filing | | 03/11/2026-12:22 | 03/12/2026-12:22 | |
| Velocity Investments Llc | NEF(03-10-2026 04:13:45 PM) Order/Electronic Form 4 | Filing | | 03/10/2026-16:13 | 03/12/2026-16:13 | |
| Velocity Investments Llc | Order/Motion To Compel Granted & Motion For Sanctions Denied | Order | | 03/10/2026-16:13 | 03/12/2026-16:13 | |

# EXHIBIT 11 — PAGE 1 OF 2



Gmail Tommy Funderburke <tommyfunderburke@gmail.com>

## 2025-CP-21-01796 -- Motion to Vacate

2 messages

**Seals, William Law Clerk (Michael Doyle)** <wsealslc@sccourts.org> Thu, Mar 26, 2026 at 1:46 PM

To: "tommyfunderburke@gmail.com" <tommyfunderburke@gmail.com>, "eric.hale@clarksonlawllc.com" <eric.hale@clarksonlawllc.com>, "McCutchen, Charles J. Secretary (Parker McDougal)" <cmccutchensc@sccourts.org>
Cc: "Seals, William Secretary (Anna Meetze)" <wsealssc@sccourts.org>

Good afternoon,

The Court respectfully apologizes for this oversight as it was not aware of the March 10th order. This Court will grant the Defendant's motion and issue an order vacating the March 12th order. If the court were aware of the subsequent motion and order, it would not have issued the order on March 12th, as Summary Judgment is not ripe until discovery has been completed. Nonetheless, the Court apologizes for any inconvenience this caused.

Sincerely,

**Michael M. Doyle**

Law Clerk for The Hon. William H. Seals, Jr.

Resident Circuit Court Judge, Seat 2

Chief General Sessions Administrative Judge, 12th Judicial Circuit

103 N. Main St. P.O. Box 235

Marion, SC 29571

C: (843)-901-6921

O: (843)-423-0446

Email: wsealslc@sccourts.org

# EXHIBIT 11 — PAGE 2 OF 2



~~~ CONFIDENTIALITY NOTICE ~~~ This message is intended only for the addressee and may contain information that is confidential. If you are not the intended recipient, do not read, copy, retain, or disseminate this message or any attachment. If you have received this message in error, please contact the sender immediately and delete all copies of the message and any attachments.

**Tommy Funderburke** <tommyfunderburke@gmail.com> Thu, Mar 26, 2026 at 3:14 PM
To: "Seals, William Law Clerk (Michael Doyle)" <wsealslc@sccourts.org>

Thank You, Your Honor,

I appreciate your swift attention to the matter.

Respectfully,

Tommy Fundeburke
[Quoted text hidden]
~~~

# EXHIBIT 12 — RETAINED PAGE 1



Gmail Tommy Funderburke <tommyfunderburke@gmail.com>

## Discovery Sent? 2025CP2101796

1 message

**Tommy Funderburke** <tommyfunderburke@gmail.com> Mon, Apr 20, 2026 at 11:15 AM

To: Tommy Funderburke <tommyfunderburke@gmail.com>, Eric Hale <eric.hale@clarksonlawllc.com>, Wylie Clarkson <wylie.clarkson@clarksonlawllc.com>, Jennifer DeMarco <jennifer.demarco@clarksonlawllc.com>

Subject: Discovery sent?

Dear Mr. Hale,

The Order from March 10th required you to get me answers to my specific questions and the specified documents I asked for. Based on the dates, I was expecting to have those by now.

I really need these items as this moves toward evidentiary hearings for my defense. I'm looking for that June 27, 2018 Master Purchase and Sale Agreement mentioned in your Bill of Sale. Without that 2018 agreement, it's hard to even know what the Bill of Sale really means or what it covers.

If there are parts of that agreement that are "trade secrets," I'm happy to let the Judge look at them privately (in-camera), but I really need to see the parts about the warranties and how the debt was sold "as-is." That seems only fair.

Also, unlike the original Interrogatory responses, I need someone from Velocity with firsthand knowledge to answer these questions and sign them under oath. I just want to make sure the information is coming directly from the company.

Please provide tracking if these were sent before the April 16, 2026 deadline that Judge McCutchen set. If there has been some sort of oversight at your office, please just send me the sworn answers and documents (including that 2018 agreement) to my email (tommyfunderburke@gmail.com) by 5:00 PM this Tuesday, April 21, 2026. That gives you a full five (5) extra days beyond what the court required.

For your convenience, I attached the Court Order, Rule 33 Discovery, Rule 34 Discovery, and the Certificate of Service.

The documents I'm asking for are ones you should have already had before the suit was filed back on July 1, 2025, so I'm hoping they aren't too much trouble to send over.

I look forward to getting this relevant discovery so I can move forward with my defense.

Respectfully,

/s/ Tommy Funderburke, Pro Se

# EXHIBIT 13 — REDACTED REPLACEMENT — PAGE 1 OF 1



**Eric Hale** <eric.hale@clarksonlawllc.com> Fri, Apr 24, 2026 at 5:44 PM
To: Tommy Funderburke <tommyfunderburke@gmail.com>, Wylie Clarkson <wylie.clarkson@clarksonlawllc.com>, Jennifer DeMarco <Jennifer.demarco@clarksonlawllc.com>

Mr. Funderburke,

[redacted] [REDACTED — UNRELATED CONTENT] [redacted] If I am forced to respond to your discovery, [redacted] [REDACTED — FED. R. EVID. 408 COMPROMISE / UNRELATED CONTENT] [redacted]

Regards,

Eric C. Hale, Esq.

*Member*

Clarkson & Hale, LLC

**EXHIBIT 14 — PAGE 1 OF 3**



**DORIS POULOS O'HARA**
Clerk of Court
Judicial Center
181 N. Irby Street, Suite 1100
Florence, SC 29501
(843) 665-3031

August 5th, 2026

Tommy Funderburke
PO Box 883
Johnsonville SC, 29555

Dear Mr. Funderburke,

You left these documents in the courtroom on 08/04/2026. We are mailing them back to you.

Thank you,

Florence County Clerk of Court
Common Pleas Division

**EXHIBIT 14 — PAGE 2 OF 3**

CLARKSON & HALE, LLC
1044 WILDWOOD CENTRE DR
COLUMBIA, SOUTH CAROLINA 29229

MAILING ADDRESS
POST OFFICE BOX 287
COLUMBIA, SC 29202
(803) 602-0789 - (888) 812-5240
FACSIMILE (803) 726-3568

May 22, 2026

Tommy Funderburke
101 Kinard St.
Florence, SC 29924-2105

Re: **VELOCITY INVESTMENTS, LLC v. TOMMY FUNDERBURKE**
C/A No: 2025CP2101796
File No: 54-23507

Dear Mr. Hinojosa:

Enclosed please find Plaintiff's Response to Defendant's First Set of Interrogatories, Plaintiff's Response to Defendant's First Requests for Production, and Certificate of Mailing, all of which are served upon you as Defendant in the above referenced matter.

Please do not hesitate to contact me should you have any questions or concerns.

Very truly yours,

Eric C. Hale, Esq.
eric.hale@clarksonlawllc.com

enc. (As stated)

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

54-23507

**EXHIBIT 14 — PAGE 3 OF 3**

STATE OF SOUTH CAROLINA

COUNTY OF FLORENCE

VELOCITY INVESTMENTS, LLC

Plaintiff,

v.

TOMMY FUNDERBURKE,

Defendant.

IN THE COURT OF COMMON PLEAS
THE THIRTEENTH JUDICIAL CIRCUIT
C/A NO 2025CP2101796

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION**

**TO: TOMMY FUNDERBURKE, DEFENDANT PRO SE:**

Pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, Plaintiff responds to Defendant's Request for Production as follows:

**RESPONSES 1 THROUGH 9**

Plaintiff objects to the extent that the Request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that the request is irrelevant. Plaintiff also objects to Defendant's Request to the extent that the Request seeks disclosure of protected or privileged information. To the extent not objected to in the foregoing objections, any and all documents not otherwise objected to and in the possession of counsel for Plaintiff are attached hereto. To the extent not objected to in the foregoing objections, an agent of Plaintiff will be assigned as a witness to the case at a later date. When the name and address of this witness becomes available, Plaintiff will supplement its response as necessary in compliance with the South Carolina Rules of Civil Procedure. The witness to be assigned is expected to testify as to the particulars of Defendant's account and matter contained in Plaintiff's Complaint. No written or recorded statements have been taken at this time. This response will be supplemented as necessary and in compliance with the South Carolina Rules of Civil Procedure.

**CLARKSON & HALE, LLC**

Eric C. Hale, Esq.
1044 Wildwood Centre Dr
Post Office Box 287 (29202)
Columbia, SC 29229
Telephone: (803) 602-0789
Facsimile: (803) 726-3568
eric.hale@clarksonlawllc.com

November 21, 2026
Columbia, South Carolina

55-04997